586 P.2d 1060

**BURLEY BRICK & SAND CO., an Idaho Corporation, Plaintiff-Appellant,**

v.

**Vera A. COFER, Individually and as Heir at Law of Paul E. Cofer, Deceased, Defendant-Respondent.**

**No. 12646.**

Supreme Court of Idaho.

Nov. 21, 1978.

Herman E. Bedke of Nielson & Bedke, Burley, for plaintiff-appellant.

Donald J. Chisholm of Goodman, Duff & Chisholm, Rupert, for defendant-respondent.

PER CURIAM:

Plaintiff appellant Burley Brick & Sand Company appeals from two judgments entered by the district court in an action by it to quiet title to a certain ten acre parcel. In a judgment entered March 23, 1977, the trial court ruled that respondent Cofer had a right to farm the ten acres and to receive all crops therefrom. The court also ruled that appellant was not entitled to an implied easement across respondent's property to the parcel. In a second judgment entered March 28, 1977, the trial court held that appellant Burley Brick & Sand Co. was the owner in fee simple and entitled to possession of the land and affirmed its earlier ruling that appellant was not entitled to an implied easement to the property. Appellant's motion to set aside the judgment of March 23, 1977, was denied. Appellant has appealed from these two seemingly inconsistent judgments.

In the course of this appeal, respondent Cofer has conceded that the judgment of March 23, 1977, was erroneous in purporting to preserve for respondent the right to farm the premises which the court decreed,

in its March 28, 1977, judgment had been deeded in fee simple to appellant. Respondent has agreed that the evidence introduced at trial supports the trial court's finding that a fee simple was intended to pass to appellant and that the judgment of the court granting respondent a right to farm the land is inconsistent with a fee simple grant to appellant.

The basis for the holding that respondent Cofer be allowed to farm the parcel was evidence presented by respondent in her attempt to show that the conveyance in question was a conditional grant to appellant only of a right to remove clay deposits from the land and that an absolute grant was not intended. The findings of fact which issued with the March 23, 1977, judgment indicate that the court denied appellant an easement to the ten acres because of evidence tending to show that appellant was allowed access to the land solely for the removal of clay. The court held that any right of access expired when the clay deposits were depleted. The issue of the extent of the estate passing to appellant and the question of whether an implied easement for access to the land was conveyed both turn on the evidence of the parties' intent in making the conveyance. In light of respondent's concession that the trial court was correct in finding that an absolute conveyance to appellant was intended and that the trial court erred in ruling that respondent has a right to farm the land, a redetermination of the question of access to the parcel is necessary.

We reverse the trial court's judgment of March 23, 1977. We also reverse that portion of the March 28, 1977, judgment which denies appellant an implied easement. The cause is remanded for a reconsideration of the question of whether appellant acquired an easement by necessity or by implication when it obtained fee simple title from respondent.[1]

Reversed and remanded.

---

1. The record indicates that respondent has conveyed to the state of Idaho a right of way fifty feet wide along the east edge of her property which also crosses the land purchased by appellant. The same right of way could provide access to appellant's land and might not be inconsistent with the grant of right of way to the state. We suggest on remand that the trial

court determine the suitability of granting appellant an easement over this same fifty foot right of way if it finds that appellant is entitled to either an easement by implication or an easement by necessity as the result of the conveyance of fee simple title to appellant by respondent.