629 P.2d 1166

**BURLEY BRICK AND SAND COMPANY, an Idaho Corporation, Plaintiff-Appellant,**

v.

**Vera A. COFER, Individually, and as heir at law of Paul E. Cofer, Deceased, Defendant-Respondent.**

**No. 13639.**

Supreme Court of Idaho.

June 4, 1981.

---

Herman E. Bedke, Burley, for plaintiff-appellant.

William T. Goodman, of Goodman, Duff & Chisholm, Rupert, for defendant-respondent.

DONALDSON, Justice.

This is an appeal from a district court's denial of an action by plaintiff-appellant Burley Brick and Sand Co., (hereinafter Burley Brick) to establish either an easement by necessity or an easement by implication.

In December 1959, Mr. and Mrs. Cofer conveyed ten acres out of their ranch in Minidoka County to Burley Brick for $3,000. Although the deed is silent in regards to the granting of an easement from the Cofers to Burley Brick, it recognizes that the ten acres are subject to an easement granted by the Cofers to the state of Idaho.

The ten acres acquired by appellant did not abut any public roadway, and the adjacent lands were owned by strangers to Cofers' title. Prior to the sale to Burley Brick, the Cofers used a farm road to get to the back acreage, which includes the ten acres sold. This road, which cuts from a country highway through the middle of the Cofers' ranch, is about nine feet wide, graveled, and passes through a cattle gate near the Cofers' house.

The ten acres acquired by Burley Brick were used from 1959 through the early 1970s for the excavation of clay which was used in its brick making operation. During this time, Burley Brick used the farm road to haul out the clay. When the clay deposits on the ten acres were depleted, Burley Brick leased the land to a third party who intended to farm it. However, Mrs. Cofer denied the lessee access to the land on the contention that the deed to Burley Brick only conveyed a license to excavate clay and that upon depletion of the clay the land reverted to the Cofers. Action was brought by Burley Brick to quiet title to the ten-acre parcel. The district court entered two judgments. In one judgment, the district court ruled that the Cofers had a right to farm the ten acres and to receive all crops therefrom. In the other, the district court ruled that Burley Brick was the owner in fee simple and entitled to possession of the ten acres but not entitled to an implied easement. Burley Brick appealed.

In *Burley Brick & Sand Co. v. Cofer*, 99 Idaho 616, 586 P.2d 1060 (1978), this Court reversed a judgment that denied Burley Brick an implied easement and remanded "for reconsideration of whether appellant acquired an easement by necessity or by implication when it obtained fee simple title from respondent [Cofer]." In the course of the appeal, respondent Cofer conceded that the ten acres had been deeded in fee simple to Burley Brick. This Court further pointed out that:

"[T]he record indicates that respondent has conveyed to the state of Idaho a right of way fifty feet wide along the east edge of her property which also crosses the land purchased by appellant. The same right of way could provide access to appellant's land and might not be inconsistent with the grant of right of way to the state. We suggest on remand that the trial court determined the suitability of granting appellant an easement over this same fifty foot right of way...." *Id.* at 617–18 n. 1, 586 P.2d at 1061–62 n. 1.

Besides the state's easement, the farm road easement in question is the sole access to the ten acres. On remand, the district court found that Burley Brick had no easements. The district court also stated that since the state was not a party to the action

and no agreement had been made with the state regarding joint use of the easement, it would be an infringement of the state's easement to grant Burley Brick joint easement rights. From the district court decision, Burley Brick appeals.

This Court in *Close v. Rensink*, 95 Idaho 72, 77, 501 P.2d 1383, 1388, cited *Martino v. Fleenor*, 365 P.2d 247 (Colo.1961) and 25 Am.Jur.2d Easements, § 35, p. 448 for the theory of easement by necessity. *Martino, supra* at 249, quoted the following from 17A Am.Jur. 668–669, Easements, § 58:

"Although a way of necessity is sometimes confused with an easement arising, on severance of title, from a pre-existing use, there is a definite distinction between them, mainly because a way of necessity does not rest on a pre-existing use but on the need for a way across the granted or reserved premises. A way of necessity is an easement arising from an implied grant or implied reservation; it is of common-law origin and is supported by the rule of sound public policy that lands should not be rendered unfit for occupancy or successful cultivation. Such a way is the result of the application of the presumption that whenever a party conveys property, he conveys whatever is necessity for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses. Thus, the legal basis of a way of necessity is the presumption of a grant arising from the circumstances of the case. This presumption of a grant, however, is one of fact, and whether a grant should be implied depends upon the terms of the deed and the facts in each particular case.

"A way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely surrounded by the land from which it, is severed or by this land and the land of strangers. *It is a universally established principle that where a tract of land is conveyed which is separated from the highway by other lands of the grantor or surrounded by his lands or by his and those of third persons, there arises, by implication, in favor of the grantee, a way of necessity across the premises of the grantor to the highway.*" (Emphasis in *Martino*).

The Cofers contend that at the time of conveyance that Burley Brick was given a license to use the farm road in order to remove clay and, therefore, there was no necessity for an easement. We disagree. The facts of this case reflect the exact kind of conveyance and necessity that *Close, supra*, and *Martino, supra*, indicate give rise to an easement by necessity. Therefore, we reverse the district court and hold that the trial court erred in not concluding that Burley Brick acquired an easement by necessity.

The impact of I.C. § 7–701(5) and *Gibbens v. Weisshaupt*, 98 Idaho 633, 570 P.2d 870 (1977) was not raised in the district court and, therefore, is not before this Court on appeal.

Judgment reversed with directions to the trial court to determine the physical location of the existing road and then to enter judgment setting forth the easement for appellants. *Hartley v. Stibor*, 96 Idaho 157, 525 P.2d 352 (1974); *Lisher v. Krasselt*, 94 Idaho 513, 492 P.2d 52 (1972). Costs to appellants. No attorney fees awarded.

BAKES, C. J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.