(July 31, 1924.)

## J. E. WILTON, Appellant, v. M. F. SMITH and GEORGE L. BURCH, Respondents.

[231 Pac. 704.]

EASEMENT FOR WATER DITCH—WHEN CREATED AGAINST SERVIENT ESTATE WITHOUT EXPRESS RESERVATION.

Where the owner of an estate consisting of two parts so adapts them during his ownership that one derives a benefit from the other, and thereafter transfers one of the parts without mention of the incidental burdens of one in respect to the other, if it is shown that a burden so imposed upon one transferred is necessary to the full and free enjoyment of the other and the vendee of the servient estate had knowledge of the necessity of such use at the time he purchased the same, an easement is created on such servient estate for the use to which it has been adapted by the other.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for injunction. Judgment for defendants. *Reversed.*

Geo. C. Huebener, for Appellant.

Under the provision of C. S., sec. 5375, a transfer of a tract of land on which the waters obtained by water right have been partially applied in the irrigation and cultivation of the same and such water right had been "obviously and permanently" used by the person whose estate is transferred for the benefit of the portion transferred, the purchaser acquires the right to continue the use and enjoyment of such water right as the same had been previously used and enjoyed by the owner thereof. (*Russell v. Irish,* 20 Ida. 194, 195, 118 Pac. 501; *Hall v. Blackman,* 8 Ida. 272,

Publisher's Note.

Creation of easements appurtenant, see note in 136 **Am. St.** 680.

68 Pac. 19; *Paddock v. Clark,* 22 Ida. 498, 126 Pac. 1053; *Ireton v. Idaho Irr. Co.,* 30 Ida. 310, 164 Pac. 687.)

Where the owner of one heritage, consisting of several parts, has so adapted them that one derives a benefit from the other, when he sells one of them without making mention of the incidental burdens of one in respect to the other, an implied understanding arises that the burdens and correlative advantages shall continue as before the separation of the title. (*Cheda v. Bodkin,* 173 Cal. 7, 158 Pac. 1025; *Rodemeyer v. Meger,* 30 Cal. App. 514, 158 Pac. 1047; *Cave v. Crafts,* 53 Cal. 135; *Lampman v. Milks,* 21 N. Y. 505; *Quinlan v. Noble,* 75 Cal. 250, 17 Pac. 69; 2 Kinney on Irrigation and Water Rights, pp. 1820, 1821, and authorities cited; 18 C. J., sec. 272, pp. 294, 295, and notes 1–5; 19 C. J., sec. 103, p. 914, and note 22; *Marshall Ice Co. v. Laplant,* 136 Iowa, 621, 111 N. W. 1016, 12 L. R. A., N. S., 1073; *German Savings etc. Society v. Gordon,* 54 Or. 147, 102 Pac. 736, 26 L. R. A., N. S., 331; *Liquid Carbonic Co. v. Wallace,* 219 Pa. St. 457, 68 Atl. 1021, 26 L. R. A., N. S., 327; *Rollo v. Nelson,* 34 Utah, 116, 96 Pac. 263, 26 L. R. A., N. S., 315; *Shumacher v. Brand,.* 72 Wash. 543, 130 Pac. 1145; *Miller v. Hoeschler,* 126 Wis. 263, 105 N. W. 790, 8 L. R. A., N. S., 327.)

Walter Griffiths, for Respondents.

"When there has once been a severance of the unity of title by a conveyance of a portion of a tenement, the grantee of the residue can take nothing by implication, except what may have been reserved by the grantor." (19 C. J. 916, 920; *Marcy v. Reimer,* 47 App. Div. 636, 62 N. Y. Supp. 203; *Howley v. Chaffee,* 88 Vt. 468, 93 Atl. 120, L. R. A. 1915D, 1010; *Wells v. Garbutt,* 132 N. Y. 430, 30 N. E. 978.)

The only cases in which an implied reservation of an easement is upheld by the courts are those in which the ownership of the property cannot be fairly exercised without the existence of the easement. The necessity for the easement must be so great as to support the implication or inference

that the parties intended the easement to exist. .(*United States v. Rindge,* 208 Fed. 611.)

WILLIAM A. LEE, J.—This is an appeal from a judgment discharging a temporary restraining order, denying a permanent injunction and holding the same for naught, and holding and deciding that respondents are the absolute and unqualified owners of a certain lateral or ditch running upon and over respondents' land, and that respondents are entitled to the free and undisturbed use and possession of such ditch on the land upon which it is located.

Appellant is the owner of forty acres of land in Canyon county described as the SE. quarter of the NE. quarter, S. 27, T. 3, north of range 4 W., B. M. Respondents are the owners of forty acres immediately adjoining appellant's land on the north. These lands will be referred to as the north and south forties, respectively.

Running almost parallel with the east and west dividing lines of these forties is the lateral or ditch in question. This ditch enters the south forty near its northeast corner and just south of the dividing line between the two forties, and proceeds westerly for about 200 feet, where it crosses the boundary line and thence continues its westerly course on the north forty.

Appellant contends that he is the owner of this lateral in its entirety and that the north forty, respondents' land, is subject to an easement for a right of way of this lateral and its use by appellant.

It appears that one Lohline first obtained title to the entire eighty-acre tract when it was in a desert condition and constructed this lateral in question and in 1916 conveyed the entire tract to one D. H. Law, who later in the same year contracted to sell the north forty to Leslie Smith, and for a period of three years thereafter also leased to Smith the south forty. Prior to this time there had been no divided occupancy of the land and after Smith purchased the north forty he continued to farm the south forty, irrigating it from the lateral in question. In 1919 Law conveyed the south forty to appellant J. E. Wilton, and

Leslie Smith conveyed the north forty to respondents M. F. Smith and George L. Burch. Appellant claims that a right to use this ditch and an easement on the land of respondents for the same after it crosses the east and west boundary line between these two forties was created by the conveyance of Law to him, the instrument of conveyance containing the clause "together with all water, water rights, ditches, laterals and rights of way for ditches now used in irrigating said land or which are appurtenant thereto." There was no special reservation made by Law concerning this ditch when he conveyed the north forty to Leslie Smith. The witnesses for both parties say that this lateral has been used continuously and almost exclusively since its construction for the irrigation of the south forty. Leslie Smith, who purchased the north forty from Law and at the same time leased the south forty during all the time that he was the owner of the north forty, testified that he irrigated the south forty entirely from his lateral and did not irrigate any of the north forty from it. It is apparent that this ditch, from the time of its construction by the first owner, has been used to water the south forty, and until and unless a new ditch be constructed which would necessarily have to parallel and be only a short distance south of this one that has been continuously used during all of this time, appellant would be deprived of any means for conveying water upon this part of his land.

It was held in the case of *Cheda v. Bodkin,* 173 Cal. 7, 158 Pac. 1025, that:

"Where the owner of one heritage consisting of several parts has so adapted them that one derives a benefit from the other, and transfers one of them without mention of the incidental burdens of one in respect to others, an implied understanding arises that the burdens and correlative advantages shall continue as before the separation of the title."

Again, in the case of *Quinlan v. Noble,* 75 Cal. 250, 17 Pac. 69, the facts of which are similar to the instant case, it was held:

"The principle is that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion of it, the purchaser takes the tenement or portion sold with all the benefits and burdens that appear at the time of sale to belong to it, as between it and the property which the vendor retains. . . . . No easement exists so long as the unity of possession remains, because the owner of the whole may at any time rearrange the quality of the several servitudes; but upon severance by the sale of a part, the right of the owner to redistribute ceases, and easements or servitudes are created corresponding to the benefits or burdens existing at the time of sale."

While the general rule, contended for by respondents, to the effect that where the owner of one estate consisting of two or more parts, during his ownership so adapts them that one derives a benefit from another and afterwards transfers one of them without mention of the incidental burdens of one in respect to the other, the presumption arises that he does not intend to reserve the easement on the estate thus alienated without any express reservation, is supported by a long line of authority, we think, however, that an exception to this rule arises where it is clearly shown, as in this case, that the easement is one of necessity and it also appears that the owner of the servient estate, when he purchased the same, had full knowledge of such easement and the necessity of its use. (19 C. J., p. 921, and cases cited under note 79.)

In the instant case it is conceded that the predecessor in interest of respondents was also the lessee of the south forty during the time of his ownership of the north forty and that he used this lateral exclusively to irrigate the south forty, appellant's land, and hence had knowledge that its use was necessary to the full and free enjoyment of the same. Under these circumstances we think that the quoted language in the conveyance was sufficient to convey the right to the use of this easement to appellant as against his grantor and all predecessors in interest and that in view of the physical conditions known to exist by respond-

ents, their grantor and all predecessors in interest, they should not now be permitted to deny appellant's right to the use of this ditch and an easement upon this land for such use, notwithstanding the fact that the grantor of the entire estate failed to expressly reserve this right when there was a severance in ownership of the two forties.

We are therefore of the opinion that the court should have granted appellant the right to the use of this ditch with an easement upon respondents' land for such use, and for the reasons herein given the cause is reversed, with instructions to the lower court to enter judgment accordingly, appellant to recover costs.

McCarthy, C. J., Budge and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.