939 P.2d 1382

Bill ANSON and Donna Anson, husband and wife, Plaintiffs–Appellants,

v.

LES BOIS RACE TRACK, INC., an Idaho corporation; the Directors of Les Bois Race Track, Inc., Chris L. Christian, Paul K. Girdner, Brice Underdahl, Kenneth Anderson, individually, and Duayne Didericksen, General Manager, Defendants–Respondents.

No. 22917.

Supreme Court of Idaho,
Boise, February 1997 Term.

June 9, 1997.

Rehearing Denied July 24, 1997.

Kenneth F. White, Nampa, Peter J. Boyd (argued), Boise, for plaintiffs–appellants.

James R. Gillespie, Boise, for defendants–respondents.

McDEVITT, Justice.

This is an action in tort. Appellants seek to recover damages from respondents for injuries to appellants' race horse. The district court granted respondents' motion for summary judgment based upon a "Release of Liability" (Release).

Appellants Bill and Donna Anson (Anson) filed a complaint against the above-named respondents alleging respondents negligently supervised their employees, negligently failed to provide proper training to its employees, and negligently wrapped the tail of a horse owned by Anson around a gate while training the horse in gate starting. Anson alleged respondents' negligence was the proximate cause of injuries suffered by the horse owned by Anson.[1]

Respondents filed a motion for summary judgment contending that the Release was signed by Anson and that the Release relieved respondents from liability for the injuries suffered by the horse owned by Anson. Anson argued that the district court should deny respondents' motion for summary judgment since the Release that was signed by Anson was an illegal contract and that Anson had no discretion in signing the Release, since the Release had to be signed before any horse could be brought upon the Les Bois Racetrack premises. Anson also argued that the Release was not enforceable due to a lack of consideration.

On February 22, 1996, the district court heard arguments regarding respondents' motion for summary judgment. The district court entered a memorandum decision and order on February 26, 1996, ruling that re-

spondents were entitled to summary judgment. The district court found that allowing Anson to enter the premises and participate in training and racing was sufficient consideration for the Release. The district court rejected the argument that the Release was voidable due to economic duress. Final judgment granting respondents' motion for summary judgment was entered on March 6, 1996.

Anson filed a motion for relief from order and a motion for reconsideration or in the alternative a motion to amend the complaint. A hearing was held on May 8, 1996, regarding the motions filed by Anson. The district court denied the motions filed by Anson.[2] Anson timely filed an appeal to this Court.

■ The only two arguments presented by Anson in response to respondents' motion for summary judgment, prior to the March 6, 1996 order granting summary judgment, were: (1) the Release did not contain adequate consideration and (2) the contract was voidable due to economic duress. These are the only two issues that Anson properly preserved for appeal.

On appeal, Anson argues that the Release was void as a matter of public policy and that Anson did not assume the risk of negligence by signing the Release.

Anson has failed to address the issues properly before this Court. In *State v. Zichko*, 129 Idaho 259, 923 P.2d 966 (1996), this Court stated:

> When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered.... A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking.

*Zichko*, 129 Idaho at 263, 923 P.2d at 970 (citations omitted).

---

1. The horse owned by Anson, "Jake's First," allegedly "suffered a gross, life-threatening injury requiring substantial medical attention in the form of a veterinarian, and the said property ... suffered a gross mutilation which [was] permanent, affecting both the horse's physical well-being, general appearance, and potential loss of earnings because of an injury to his left front leg."

2. The district court denied the motions filed by Anson on the grounds that the motions were not timely filed pursuant to I.R.C.P. 11(a)(2)(B). The district court entered an I.R.C.P. 54(b) certificate granting summary judgment in favor of the respondents on March 6, 1996. Anson filed the motion for reconsideration and motion for relief from order on April 8, 1996.

In the present case Anson has failed to provide argument or authority in support of the only issues that are properly before this Court. The decision of the district court granting summary judgment in favor of respondents is affirmed. Although respondents have failed to provide this Court with statutory authority supporting their request for attorney fees, respondents cite *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), and *Keller v. Rogstad*, 112 Idaho 484, 733 P.2d 705 (1987), in support of their argument that respondents are entitled to attorney fees on appeal. Respondents argue that Anson's appeal was brought and pursued frivolously, unreasonably, and without foundation. We agree and award respondents attorney fees and costs on appeal pursuant to I.C. § 12–121, I.R.C.P. 54(e)(1), and I.A.R. 41.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.