991 P.2d 362

Raymond C. DAVIS and Marybel Davis, husband and wife, Plaintiffs–Respondents,

v.

Arnold PEACOCK, a single man, Defendant–Appellant.

No. 24463.

Supreme Court of Idaho, Boise, September 1999 Term.

Dec. 9, 1999.

Arnold Peacock, pro se, Post Falls, for appellant.

Scott W. Reed, Coeur d'Alene, for respondents.

TROUT, Chief Justice.

This case involves an appeal from an order for summary judgment granting Raymond and Marybel Davis (Davises) an easement across land owned by Arnold Peacock (Peacock). Peacock argues that the trial court incorrectly applied the law to this case and therefore summary judgment in favor of the Davises was improper. Because we believe that the law was correctly applied and that summary judgment was proper, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Davises are owners of real property situated in Kootenai County. Peacock owns property located to the north of the Davis property. Both of these properties were originally part of one parcel (Ford's Addition) owned by Thomas and Nellie Russell. Ford's Addition was bordered to the west by Idaho Street which has been open during all periods relevant to this case.

The first house constructed in Ford's Addition was built in 1907 and was occupied until at least 1941. The only access to that house was upon a private road from Idaho Street eastward along the edge of a platted but undeveloped street (Grove Street) to the house. It is this private road that is the subject of the current dispute. In 1941, the Russells sold the northern portion of Ford's Addition including what is now the Peacock property. In this deed the Russells expressly reserved "all rights to Grave (sic) Street along the south side of Blocks 9 and 10." The reason for this reservation was to protect access to the Russell house, since the existing road access was thought to be on Grove Street, although a later survey showed that the road was actually north of Grove Street. In 1959, Nellie Russell sold the remaining portion of Ford's Addition to the McCrays. In 1969, the Davises purchased the property from the McCrays.

Throughout the entire period from 1941 to 1970, the private road in dispute was the only means of usable access from Idaho Street into the residence and other outbuildings located on the property now owned by the Davises. In 1970, the Davises constructed a private driveway from Idaho Street generally along the south side of their property. This driveway now provides an alternate access route to the residence located on the Davis property. From 1971 to the present, the sole access to Peacock's property has been from Maple Street which borders his property to the north.

From 1969 until the road was blocked in 1995 by Peacock, the Davises had made open, continuous, notorious and uninterrupted use

under claim of right to the entire road. Additionally, at the time Peacock acquired his property in 1986, the road was visible and in use. Peacock also received a Disclosure Statement from his seller which disclosed the existence of the road and described it as providing access to a neighbor's property, and stated that the road was not disclosed on the record.

Beginning in May of 1995 and continuing until the complaint was filed, Peacock caused physical obstruction of the road by having rocks and debris piled upon the road so that it was not possible for the Davises or anyone else to drive a motor vehicle upon the road. On November 15, 1995, the Davises filed a complaint, seeking an injunction and damages. In September 1997, Peacock filed a motion for summary judgment. The Davises then filed a cross-motion for summary judgment. Following briefing and a hearing, the trial court entered an order granting the Davises' motion for summary judgment, finding that there was no genuine issue of material fact and that the Davises were therefore entitled to an implied easement by prior use and a prescriptive easement. Peacock now appeals, arguing that the district court incorrectly found an implied easement by prior use. Additionally, Peacock argues that the district court erred in holding that the Davises had established a prescriptive easement because the use of the disputed road was always with the permission of the owners of the road.

## II.

### STANDARD OF REVIEW

■ Where, as here, the parties have filed cross-motions for summary judgment relying on the same facts, issues and theories, the parties effectively stipulate that there is no genuine issue of material fact which would preclude the district court from entering summary judgment. *Brown v. Perkins*, 129 Idaho 189, 191, 923 P.2d 434, 436 (1996); *Morrissey v. Haley*, 124 Idaho 870, 872, 865 P.2d 961, 963 (1993). Additionally, as the trier of fact, the district court is entitled to arrive at the most probable inferences based upon the undisputed evidence

properly before it and grant the summary judgment, despite the possibility of conflicting inferences. *Brown*, 129 Idaho at 191, 923 P.2d at 436; *Loomis v. Hailey*, 119 Idaho 434, 437, 807 P.2d 1272, 1275 (1991). The test for reviewing the inferences drawn by the district court is whether the record reasonably supports the inferences. *Walker v. Hollinger*, 132 Idaho 172, 176, 968 P.2d 661, 665 (1998); *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 518–19, 650 P.2d 657, 660–61 (1982). However, this Court freely reviews the question of whether the facts found, or stipulated to, are sufficient to satisfy the legal requirements for the existence of an implied easement or a prescriptive easement. *Walker*, 132 Idaho at 176, 968 P.2d at 665.

## III.

### DISCUSSION

A. **The District Court's Grant of Summary Judgment Constitutes a Final Judgment Subject to Review by this Court.**

■ Before moving to the issue of whether the Davises have an easement over Peacock's property, we must first decide whether the summary judgment in this case constituted a final judgment subject to review by this Court. Under Idaho Appellate Rule 11, only final judgments from the district court are appealable. Therefore, a summary judgment resolving less than all of the claims involved in the case is interlocutory and not appealable unless certified pursuant to Idaho Rules of Civil Procedure 54(b). *See Kifer v. School Dist. No. 394*, 100 Idaho 411, 599 P.2d 302 (1979). In this case, Peacock filed an amended answer and counterclaim which the Davises sought to have dismissed in their motion for summary judgment. However, in reviewing the district court's order entering judgment against Peacock, it does not appear that the district court ever expressly dismissed or ruled on Peacock's counterclaim. Therefore, there is a question as to whether the judgment entered by the district court is truly final and appealable.

■ Although the district court did not expressly dismiss or otherwise rule on Peacock's counterclaim, the summary judgment

entered is still final and appealable because there are no claims left to be resolved with respect to that counterclaim. The general rule is that if an order or judgment ends the suit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties, the instrument constitutes a final judgment. *See Walker v. Shoshone County*, 112 Idaho 991, 993, 739 P.2d 290, 292 (1987); *Idah–Best, Inc. v. First Security Bank, N.A.*, 99 Idaho 517, 519, 584 P.2d 1242, 1244 (1978). Therefore, Peacock's counterclaim must be examined to see if it raises any issues which are not resolved by the grant of summary judgment in favor of the Davises.

In his counterclaim, most of Peacock's allegations can be grouped into two categories: (1) those statements which relate to his defense to the Davises' claim of an easement and which are resolved by the judgment entered by the district court; and (2) those statements which relate to a claim of fraud against the Davises in their damage claim which is now moot because the Davises dropped their claim for damages in their motion for summary judgment. The remaining statements allege, at best, a claim that the Davises' lawsuit is frivolous. Obviously, the grant of summary judgment in favor of the Davises resolves the issue of the frivolousness of their suit. Consequently, the grant of summary judgment represents the final determination of the rights of the parties and is therefore final and appealable.

## B. The Davises Have Established an Implied Easement By Prior Use Over Peacock's Land.

Peacock argues that the district court erred in granting summary judgment to the Davises on the issue of the implied easement on four grounds. First, Peacock argues that because the Davises are successors to the original grantors of the servient property, they cannot claim an implied easement. Second, Peacock argues that no implied easement was established because, at the time of severance, the use of the disputed road was not strictly necessary. Third, Peacock argues that even if the road was necessary at the time of severance, it is no longer neces-

sary and therefore any easement in existence is extinguished. Finally, Peacock argues that even if an implied easement exists, he is not subject to that easement because the easement was not recorded in his chain of title.

### i. As Successors in Interest to the Original Grantors, the Davises Can Claim an Implied Easement.

■ Peacock argues that, as successors in interest to the original grantors of the servient estate, the Davises cannot claim an implied easement by prior use. He argues that courts will not find an implied easement by prior use in favor of the grantor on the theory that the failure of the grantor to expressly reserve the easement in the deed raises a presumption that the grantor did not intend to preserve the easement after severance. Peacock fails, however, to cite to any Idaho cases which have recognized this distinction between implied easements in favor of grantors and grantees. In fact, the only Idaho appellate case mentioning this distinction is *Wilton v. Smith*, 40 Idaho 81, 85, 231 P. 704, 705–06 (1924). In that case, the Court held that although the rule prohibiting a grantor from obtaining an implied easement was supported by much authority, there was also an exception for situations where the grantee had notice of the preexisting use and the use was necessary to the full enjoyment of the dominant estate. *See id.* In essence, this is the present day test for an implied easement by prior use. Therefore, contrary to Peacock's contention, Idaho case law supports the finding of an implied easement by prior use in favor of a grantor.

■ Furthermore, we believe there is no equitable reason for the distinction between grantors and grantees in the area of implied easements by prior use. One of the requirements for establishing an implied easement by prior use is that there has been open and continuous use of the easement prior to the severance of the dominant and servient estates. This requirement ensures that the buyer of the servient property will have notice of the preexisting use. Consequently, it is equitable to impose an easement on a buyer who already had notice of

its existence. Therefore, we hold that a successor in interest to the original grantor of the servient property can claim an implied easement by prior use.

### ii. An Implied Easement by Prior Use Requires Only Reasonable Necessity, Not Strict Necessity.

 Next, Peacock argues there is only one kind of implied easement in Idaho and that is an implied easement by way of necessity.[1] However, several Idaho appellate cases have made a clear distinction between implied easements by way of necessity and implied easements by prior use. *See, e.g., Bear Island Water Ass'n v. Brown,* 125 Idaho 717, 725, 874 P.2d 528, 536 (1994); *Burley Brick and Sand Co. v. Cofer,* 102 Idaho 333, 335, 629 P.2d 1166, 1168 (1981); *Close v. Rensink,* 95 Idaho 72, 76–77, 501 P.2d 1383, 1387–88 (1972); *Cordwell v. Smith,* 105 Idaho 71, 77–79, 665 P.2d 1081, 1087–89 (Ct.App.1983). In fact, in *Burley Brick and Sand Co.,* we stated that "[a]lthough a way of necessity is sometimes confused with an easement arising, on severance of title, from a pre-existing use, there is a definite distinction between them, mainly because a way of necessity does not rest on a pre-existing use but on the need for a way across the granted or reserved premises." 102 Idaho at 335, 629 P.2d at 1168 (quoting 17A AM. JUR. *Easements* § 58). Therefore, it is clear from our prior cases that there are two kinds of implied easements: (1) a way of necessity; and (2) an easement implied from a prior use.

 In order to establish an implied easement by prior use, the party seeking to establish the easement must demonstrate three essential elements: (1) unity of title or ownership and subsequent separation by grant of the dominant estate; (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate. *See Bear Island Water Ass'n,* 125 Idaho at 725, 874 P.2d at 536; *Close,* 95 Idaho at 76, 501 P.2d at 1387; *Davis v. Gowen,* 83 Idaho 204, 210, 360 P.2d 403, 406–07 (1961). It is undisputed that, in this case, the first two elements have been met. All of the property involved in this dispute was originally owned by the Russells; and the land now owned by Peacock, which includes the disputed road, was severed from the property now owned by the Davises when the Russells conveyed Blocks 9 and 10 of Ford's Addition to the Rawlings in 1941. Additionally, both parties agree the road was in existence at the time of the severance and that the Russells had made apparent and continuous use of the road sufficient to show that the use was intended to be permanent. Therefore, the only question remaining on the issue of whether an implied easement by prior use was created, is whether the Davises have shown that reasonable necessity for the easement existed at the time of severance.[2]

In the proceedings below, the district court determined that from the time of severance in 1941 until 1970 when the Davises built the driveway on the southern part of their property, the disputed road was the only usable means of access from Idaho Street to the residence and outbuildings located on what is now the Davises' property. Peacock argues that this finding is in error because the disputed road was not the *only* access from

---

1. Peacock concedes that Idaho cases state two different rules for implied easements. However, he argues that the two different rules are actually the same because they both require necessity. He cites to the rule on easements by prior use that only "reasonable necessity" is required. However, he argues that reasonable necessity is the same as the strict necessity that is expressly required for an easement by necessity. That is, in his view, something is either necessary or not; there are no levels of necessity. Therefore, under Peacock's argument, a party cannot get an implied easement without a showing of strict necessity.

2. On this issue, the Davises filed affidavits in support of their motion for summary judgment and also included all of the relevant deeds in the record. Peacock responded only with a brief in support of his motion for summary judgment. He has not provided any affidavits or other evidence to refute the evidence submitted by the Davises. Therefore, there are no genuine issues of fact remaining and the only questions to be answered by this Court are questions of law.

Idaho Street to the residence on what is now the Davises' property. First, Peacock contends that the Russells had access through the platted, but undeveloped, Grove Street. To support this contention, he points out that the Russells expressly reserved all rights to Grave (Grove) street in their deed to the Rawlings at the time of severance. However, the Davises argued, and the trial court agreed, that the reservation in the deed to the Rawlings was intended to preserve the Russells access to the disputed road. At the time of severance, the road was thought to be on Grove Street. A later survey showed that the road was actually to the north of Grove Street. Additionally, the trial court determined that at all times relevant to this proceeding, Grove Street was undeveloped and unopened, and therefore did not provide usable access to the residence on the Russell property. On appeal, Peacock has pointed to nothing in the record to dispute this finding and, therefore, it should not be disturbed on appeal. *Walker v. Hollinger,* 132 Idaho 172, 176, 968 P.2d 661, 665 (1998); *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 518–19, 650 P.2d 657, 660–61 (1982).

Secondly, Peacock argues that the Russells also had access to their residence because the land they owned was bordered by Idaho Street on the west. He contends that, because the Russell property was not landlocked, there was always access to the residence across their own property. Therefore, use of the disputed road was neither necessary, nor provided the only usable means of access to the residence. Peacock's argument would be persuasive if strict necessity were required for an implied easement by prior use. However, as our cases have made clear, reasonable necessity is something less than the great present necessity required for an easement implied by necessity. *See Bear Island Water Ass'n,* 125 Idaho at 725, 874 P.2d at 536. In *Bear Island Water Ass'n,* we held that no implied easement by prior use or necessity had been created. *Id.* However, in so holding, we stated that the establishment of an easement by necessity required an "even weightier showing of a great present necessity for the easement," as compared to the reasonable necessity required for an easement by prior use. *Id.*

In this case, the district court expressly found that the disputed road was the only means of access to the residence on what is now the Davises' property until the Davises built the road on the southern part of their property in 1970, which supports a determination that the use of the disputed road was reasonably necessary at the time of severance. Because that evidence is uncontroverted, we uphold the district court's decision.

### iii. An Implied Easement By Prior Use Does Not End When Reasonable Necessity No Longer Exists.

▇ Peacock next argues that even if the road was necessary at the time of severance, it became unnecessary in 1970 when the Davises built the road along the southern boundary of their property. In Peacock's view, since the use of the road is no longer even reasonably necessary, any easement which might have existed at severance is now extinguished for lack of that necessity. While this issue has not been previously addressed by our Court, it appears the well-established rule is that, unlike an easement by way of necessity, an implied easement by prior use is not later extinguished if the easement is no longer reasonably necessary.

▇ This long standing rule is based on the theory that when someone conveys property, they also intend to convey whatever is required for the beneficial use and enjoyment of that property, and intends to retain all that is required for the use and enjoyment of the land retained. Consequently, an easement implied by prior use is a true easement of a permanent duration, rather than a temporary easement which exists only as long as the necessity continues. *See, e.g., Norken v. McGahan,* 823 P.2d 622, 631 (Alaska 1991); *Thompson v. Schuh,* 286 Or. 201, 593 P.2d 1138, 1145 (1979); *Story v. Hefner,* 540 P.2d 562, 566 (Okla.1975). Additionally, an implied easement by prior use is appurtenant to the land and therefore passes with all subsequent conveyances of the dominant and servient estates. *See Hughes v. State,* 80 Idaho 286, 328 P.2d 397 (1958); I.C. § 55–603 (stating that a transfer of real property also includes all easements attached to the property).

Applying these rules to the facts of this case, we agree with the district court that,

**644**

because use of the road was reasonably necessary for the beneficial use of the Davises' property at the time of severance, an implied easement by prior use arose at that time. Because that implied easement is not extinguished by the end of the necessity, the easement became appurtenant to the land and was subsequently transferred to the Davises at the time they purchased their property.

### iv. Peacock is Subject to the Easement Because He Had Notice of the Existence of the Easement.

 Peacock's final argument is that, even if the easement was created and passed to the Davises, he should not be subject to the easement because it is an unrecorded interest not contained in his chain of title. However, Peacock admitted that his deed expressly included a provision notifying him there was a road over his land providing access to the neighbor's property. It is undisputed, therefore, that he had actual knowledge of the existence of the road, if not the easement. Because of this notice, Peacock had the duty to at least inquire into the situation at the time he purchased the property. Since he failed to do so, he cannot now claim that he had no notice of the easement.

Peacock has failed to establish a genuine issue of fact as to the existence of the implied easement or any error in the district court's application of the law regarding implied easements by prior use. Thus, the district court was correct in granting summary judgment to the Davises on that issue. Because we have affirmed the district court's finding of an implied easement by prior use, it is unnecessary for us to address the issue of whether the Davises have established an easement by prescription.

### C. The Davises are Not Entitled to Attorney Fees on Appeal.

 The Davises have requested that they be awarded attorney fees for this appeal and have cited *Anson v. Les Bois Race Track, Inc.*, 130 Idaho 303, 305, 939 P.2d 1382, 1384 (1997) in support of their argument. *Anson* involved an award of attorney fees on appeal pursuant to I.C. § 12–121. *See Anson*, 130 Idaho at 305, 939 P.2d at

1384. Under I.C. § 12–121, attorney fees may not be awarded unless "all claims brought or all defenses asserted are frivolous or without foundation." *Chapple v. Madison County Officials*, 132 Idaho 76, 81, 967 P.2d 278, 283 (1998); *Management Catalysts v. Turbo West Corpac, Inc.*, 119 Idaho 626, 630, 809 P.2d 487, 491 (1991). However, in this case, the appeal does not appear to be entirely frivolous or without foundation. As the trial court noted, we had not yet decided the issue of whether an implied easement by prior use can be extinguished if use of the disputed way is no longer reasonably necessary. Therefore, Peacock's appeal of the grant of summary judgment on the issue of the implied easement was not entirely frivolous or without merit.

### IV.

### CONCLUSION

The district court did not err in granting summary judgment to the Davises on the issue of whether they had an implied easement by prior use, and that judgment is affirmed. We award costs, but not fees, to the Davises.

Justices SILAK, SCHROEDER, WALTERS, and KIDWELL, concur.