17 P.3d 281

Mary FARNER and Michael Peila, Plaintiffs–Respondents–Cross–Appellants,

v.

IDAHO FALLS SCHOOL DISTRICT NO. 91, Board of Trustees, Idaho Falls School District No. 91, and Board Members Alan Reed, Ernest Jensen, Jerry Wixom, Sue Fineman and Sharon Parry, in their official capacities, Defendants–Appellants–Cross–Respondents.

No. 25770.

Supreme Court of Idaho, Idaho Falls, September 2000 Term.

Dec. 29, 2000.

Anderson, Julian & Hull, Boise, for appellants. Brian K. Julian argued.

John E. Rumel, Boise, for respondents, argued.

TROUT, Chief Justice.

This is an appeal from an order denying summary judgment to the appellant, Idaho Falls School District No. 91 ("the School District"), and granting summary judgment to the respondents, Mary Farner and Michael Peila (collectively "the Teachers"). The School District also appeals orders denying its motion to dismiss for failure to file a notice of tort claims; denying, in part, its motion to amend the judgment; and granting the respondents injunctive relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mary Farner (Farner) has been a teacher in Idaho Falls School District No. 91 since the 1979–80 school year. In addition to her classroom duties, Farner also had the extra duty assignment of coaching the girls' high school volleyball team for which she received a stipend. In March of 1998, the School District informed Farner that her extra duty assignment, and thus her stipend, would not be renewed for the upcoming school year.

Michael Peila (Peila) has been a teacher in the School District since the 1996–97 school year. During his first year of employment with the School District, Peila had the extra duty assignment of coaching junior high school girls' basketball. Peila was placed on a leave of absence from his coaching position for the 1997–98 school year, but continued to receive his coaching stipend in return for performing other extra duty assignments. In the spring of 1998, the School District informed Peila that his extra duty assignment and stipend would not be renewed for the upcoming school year.

The Teachers' employment was governed by the terms of a collective bargaining agreement entered into between the Idaho Falls Education Association and the School District (Master Contract), the State of Idaho Teacher's Standard Contract (individual contracts), and statutory law.

On August 14, 1998, the Teachers filed a Complaint for Injunctive Relief against the School District alleging: (1) a violation of Farner's statutory due process rights under I.C. § 33–515; (2) violation of federal due process rights and 42 U.S.C. § 1983; (3) violation of their due process rights under Article I, Section 13, of the Idaho Constitution; and (4) breach of their written contracts. The Teachers sought reinstatement to their coaching positions and injunctive relief preventing the School District from depriving them of their coaching positions without due process of law.

Since consideration of their motions for preliminary injunctive relief did not occur until after the high school girls' volleyball season had begun, Farner filed a statement withdrawing her request to be reinstated for the 1998–99 season. Farner then amended her complaint, seeking damages in the amount of the stipend she would have received as the girls' volleyball coach. The district judge subsequently granted Peila's motion for a preliminary injunction. The injunction required the School District to reinstate Peila as head coach of the Eagle

Rock Junior High School girls' basketball team for the 1998–99 season.

In February of 1999, the School District and the Teachers filed cross-motions for summary judgment. On May 18, 1999, the district judge issued his decision on the cross-motions, finding that, although the Teachers did not have a property interest in their extra duty assignments under I.C. § 33–515, they did have a property interest based upon the "just cause" provision of the Master Contract that had been incorporated into their individual contracts. The district judge also held that Farner's claim for damages was not barred for failure to file a notice of tort claim under Idaho Tort Claims Act.

One month later, the district judge granted judgment for the Teachers on their claims that the School District had violated their federal due process rights under Section 1983, violated their due process rights under Article I, Section 13 of the Idaho Constitution, and had breached their contract rights under the master contract and individual contracts. Based upon these violations, the district judge ordered reinstatement of Farner to her coaching position, payment of damages in the amount of $4,598 to Farner for her lost stipend, and retention of the Teachers in their coaching positions until they either voluntarily relinquished those positions or the School District afforded them specified due process protections.

The School District moved to have the judgment amended by: striking a portion allowing the Teachers to "voluntarily relinquish their coaching positions"; striking a portion requiring "in-season" probation as part of due process in the event of dismissal for cause; and having the judgment expressly state that they were to be reemployed under the terms of the Master Contract. The district judge granted the motion in part by striking the requirement of "in-season" probation. Both parties appealed.

## II.

### STANDARD OF REVIEW

■ This Court's review of a trial court's ruling on a motion for summary judg-

ment is the same as that required of the trial court when ruling on the motion. *See Sun Valley v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 3, 981 P.2d 236, 238 (1999). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Where the parties have filed cross-motions for summary judgment relying on the same facts, issues, and theories, the parties effectively stipulate that there is no genuine issue of material fact that would preclude the trial court from entering summary judgment. *See Davis v. Peacock,* 133 Idaho 637, 640, 991 P.2d 362, 365 (1999); *Lowder v. Minidoka County Joint Sch. Dist.,* 132 Idaho 834, 837, 979 P.2d 1192, 1195 (1999). Additionally, where the evidentiary facts are undisputed, and the trial court will be the trier of fact, "summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Aberdeen–Springfield Canal v. Peiper,* 133 Idaho 82, 86, 982 P.2d 917, 921 (1999) (citing *First Security Bank v. Murphy,* 131 Idaho 787, 790, 964 P.2d 654, 657 (1998)). This Court must affirm the trial court's inferences when the record reasonably supports the inferences. *Davis,* 133 Idaho at 640, 991 P.2d at 365.

## III.

### DISCUSSION

A. Farner And Peila Possessed Protected Property Interests In Their Coaching Positions.

■ In order to have a property interest in a benefit, a person must have more than a unilateral expectation of it; there must be a legitimate claim of entitlement to it. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ The contracts entered into between the School District and the Teachers created a protected property interest in the Teach-

ers' extra duty assignments. To determine the terms of the contract, this Court must look at both the individual contracts and the Master Contract. *Gilmore v. Bonner County Sch. Dist. No. 82*, 132 Idaho 257, 259, 971 P.2d 323, 325 (1999); *Buhl Ed. Ass'n v. Joint Sch. Dist. No. 412*, 101 Idaho 16, 607 P.2d 1070 (1980).

The Teachers' individual contracts cover both their classroom duties and their extra duty coaching assignments. For "said services" the School District "agree[d] to pay the Teacher[s] a sum" that included portions for classroom duties and portions for coaching. There is nothing in the individual contracts indicating that the Teachers' rights are different depending on whether one is looking at their classroom assignments or their extra duty coaching assignments. To the contrary, treating classroom duties and extra duty assignments as parts of a teacher's responsibilities evidences that the same rights apply.

The Master Contract outlines the rights of the Teachers as teachers:

6-2 Just Cause: No teacher shall be disciplined, reprimanded, reduced in rank or compensation, nonrenewed, dismissed, terminated, or deprived of any professional advantage without just cause. This clause excludes department and grade level chair positions.

6-8-2 The District agrees that contract nonrenewal shall be for just and reasonable cause only.

■ The Master Contract protects the Teachers from having their compensation reduced absent just cause. Those aspects of a public employee's contract that are protected by just cause, cannot be denied without due process. *See Gilbert v. Homar*, 520 U.S. 924, 928–29, 117 S.Ct. 1807, 1811, 138 L.Ed.2d 120, 126 (1997) (noting that public employees protected by just cause cannot be fired without due process); *Lowder*, 132 Idaho at 839–40, 979 P.2d at 1197–98 (finding that the right to renew a contract for the same length and pay created a protected property interest in teachers' extra day assignments). Since the School District failed to provide the Teachers with notice and a hearing prior to reducing the Teachers' compensation, the

School District violated the Teachers' due process rights.

Because the Teachers possessed constitutionally protected property interests pursuant to their contracts, we need not address the only issue cross-appealed—the district court's holding as to I.C. § 33–515.

**B. The Idaho Tort Claims Act Does Not Apply To Farner's Claim For Damages.**

■ The School District argues that Farner's claim for damages should have been dismissed for failure to file a notice of tort claim under the Idaho Tort Claims Act (ITCA), I.C. § 6–901 to 929. The ITCA, however, only applies to tort claims. *See* I.C. § 6–902(7); *Greenwade v. Idaho State Tax Comm'n*, 119 Idaho 501, 504–05, 808 P.2d 420, 423–24 (Ct.App.1991). Farner's claim for damages is based upon allegations of the School District's breach of her contractual rights and involves an analysis of the parties rights and duties under the Master and individual contracts; not on any claim arising in tort. Therefore, the ITCA is inapplicable and does not act as a bar to her damages claim.

**C. The District Court Acted Within Its Discretion In Denying In Part, The School District's Motion To Amend The Judgment.**

■ The School District argues that the district court erred by refusing to delete the portion of the judgment allowing the Teachers to "voluntarily relinquish their coaching positions." This Court will review an order denying a motion to amend judgment for an abuse of discretion. *See Slaathaug v. Allstate Ins. Co.*, 132 Idaho 705, 707, 979 P.2d 107, 109 (1999); *Lowe v. Lym*, 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct.App. 1982). There is no abuse of discretion where the trial court perceives the issue in question as discretionary, acts within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reaches its own decision through an exercise of reason. *See Basic American, Inc. v. Shatila*, 133 Idaho 726, 744, 992 P.2d 175, 193 (1999); *Sun Valley Shopping Cen-*

*ter, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The record demonstrates from the district judge's comments that he realized his decisions were discretionary. The district judge's order is also within his discretion and is an independent decision based upon reasoned analysis. To alter the judgment so the Teachers *could not voluntarily relinquish* their coaching positions would be imposing an involuntary servitude. To alter the judgment to read that the Teachers could or could not voluntarily relinquish only the coaching portion of their contracts would be to decide an issue that had not been considered by the trial court. By leaving the judgment as originally written, the district judge protected the Teachers' constitutional rights without deciding issues that had not been presented.

## D. The Injunctive Relief Granted Was Not An Abuse Of Discretion.

The School District asks this Court to review the appropriateness of the preliminary injunction entered by the district judge in favor of Peila. Even assuming this Court would entertain on appeal a review of an interlocutory order which has been superceded by a subsequent final appealable order, *see e.g., Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 376, 973 P.2d 142, 147 (1999) (orders denying motions for summary judgment are not reviewable on appeal from a final judgment), the arguments asserted by the School District are not persuasive. Citing to I.R.C.P. 65(e)(1), the School District argues that there is no substantial likelihood Peila will prevail on the merits. Obviously from our decision today, Peila has prevailed in terms of his assertion that he is entitled to due process. The School District also asserts that the district judge abused his discretion in issuing an injunction which assured the Teachers of continued employment as coaches until "they unilaterally and voluntarily decide to relinquish those positions." The Judgment entered by the trial court merely reinstates the Teachers in their respective extra duty coaching positions until they voluntarily resign or until the School District complies with the obligations imposed by statute and due process. We find no abuse of discretion in that determination.

## E. Farner And Peila Are Entitled To Attorney Fees On Appeal Under 42 U.S.C. § 1988.

The Teachers request attorney fees on appeal pursuant to 42 U.S.C. § 1988(b) and I.C. § 12–120(3).

42 U.S.C. § 1988 permits a court, at its discretion, to award attorney fees in a suit properly brought under § 1983 to the prevailing party both at trial and on appeal. *See, e.g., Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). To be a prevailing party, a civil rights plaintiff must obtain relief on the merits of the claim. *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 575, 121 L.Ed.2d 494, 503 (1992). The amount of fees awarded is determined in large part by "the degree of the plaintiff's overall success." *Id.* at 114, 113 S.Ct. at 574, 121 L.Ed.2d at 505.

The Teachers prevailed on all of the issues raised by the School District. Since their federal claims relied upon the same facts as their state law claims, the Teachers are entitled to recover all of their attorney fees under § 1988. *See Lubcke v. Boise City/Ada County Housing Authority,* 124 Idaho 450, 454–55, 860 P.2d 653, 657–58 (1993). Therefore, we award attorney fees on appeal to the Teachers pursuant to 42 U.S.C. § 1988.

## IV.

## CONCLUSION

The contracts that the Teachers entered into with the School District entitled them to continuing employment. Farner's damages claim is not barred by the ITCA, because her damages arose from the School District's violation of contractual duties. Finding no abuse of discretion in the district judge's issuance of the injunction or judgment, we affirm those orders. We award costs and attorney fees on appeal to the Teachers.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.