# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41742

MARK D. COLAFRANCESCHI, )
)
    Plaintiff-Appellant, )
)
                         )      **Boise, April 2015 Term**
v. )
)      **2015 Opinion No. 69**
SHAWN J. BRILEY and ASHLEY )
ROBINSON, )
)      **Filed:  July 16, 2015**
    Defendants-Respondents, )
)      **Stephen Kenyon, Clerk**
and )
)
KIM BATT-LINCOLN, )
)
    Defendant. )
)

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County.  Hon. Gerald F. Schroeder, Senior District Judge.

The judgment of the district court is <u>affirmed</u>.

Mark D. Colafranceschi, McCall, pro se appellant.

Elam & Burke, P.A., Boise, for respondent Shawn J. Briley.  Joshua S. Evett argued.

Duke Scanlan & Hall, PLLC, Boise, for respondent Ashley Robinson.  Kevin J. Scanlan argued.

_____

HORTON, Justice.

    Mark Colafranceschi brought this action for defamation and professional malpractice against Shawn Briley and Ashley Robinson after a magistrate court appointed Robinson to perform child custody evaluations in two separate cases in which Colafranceschi was a party. The district court dismissed the action, finding that quasi-judicial immunity barred Colafranceschi's claims. We affirm.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Colafranceschi was the plaintiff in two actions against the mothers of his children. In *Colafranceschi v. Ericson* (the Ericson Case), Colafranceschi sought to modify his divorce decree to obtain full physical custody of his son, M.C. In *Colafranceschi v. Schoonover* (the Schoonover Case), Colafranceschi asked that a temporary custody and visitation order be modified to award him joint legal and physical custody of his son, D.C.

Robinson is a licensed masters social worker. Briley is a licensed clinical social worker and was Robinson's supervisor.

On February 2, 2011, the magistrate court entered an order for a child custody evaluation in the Schoonover Case. The magistrate court appointed Robinson to complete the home study and specified that she was to interview the parties, the child, and collateral contacts in addition to visiting both Schoonover and Colafranceschi's homes.

On February 7, 2011, the magistrate court entered a similar order in the Ericson Case. As in the Schoonover Case, the magistrate court appointed Robinson to complete a home study with the same minimum requirements.

Robinson performed the evaluations and filed reports in both cases on April 18, 2011. As Colafranceschi's defamation claim would suggest, the reports did not cast him in a positive light. In both reports, Robinson reported that Colafranceschi had misrepresented his criminal history of domestic violence, failing to disclose his conviction for domestic assault against Ericson.

In the Ericson report, Robinson emphasized Colafranceschi's history of domestic violence against both mothers of his children and M.C.'s fear of his father. She described Colafranceschi as showing a "consistent pattern" of "intimidat[ing] and threaten[ing] the safety of others. She indicated that Colafranceschi presented a serious threat to kidnap his son and remove him from this country.

In the Schoonover case, in addition to emphasizing Colafranceschi's history of domestic violence, Robinson wrote at length about collateral contacts' reports of D.C.'s negative behavioral changes following time spent with Colafranceschi. She reported that there were no "signs of affection between father and son." She concluded that Colafranceschi's motive for

---

[1] Given that the district court dismissed this action pursuant to Idaho Rule of Civil Procedure 12(b)(6), this factual background is drawn from the contents of Colafranceschi's Second Amended Complaint and the attachments thereto.

seeking the custody change was "spite and not genuine concern for his child's well being, safety, or developmental needs."

When the Ericson Case came before the magistrate court for hearing, the magistrate judge found that Robinson lacked "the requisite training and experience to testify as an expert witness" and struck her home study report from evidence. Robinson was permitted to testify as a fact witness.

On November 16, 2012, Colafranceschi, acting pro se, filed a complaint against Robinson and Briley, alleging professional malpractice and defamation related to the home study reports. After Colafranceschi amended his complaint, Robinson and Briley filed motions to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6). Both argued that quasi-judicial immunity shielded them from suit. The district court heard the motions to dismiss on April 15, 2013. The district court granted Robinson's motion to dismiss "with leave to Plaintiff to file an amended complaint" setting forth facts supporting Colafranceschi's claim that Robinson had obtained the appointments to conduct the home studies by fraud or misrepresentation. The district court deferred resolving the claims against Briley until after the amended complaint was filed. The district court reasoned that, although Robinson and Briley were entitled to the protection of quasi-judicial immunity based upon the trial court's home study order, misconduct toward the court resulting in Robinson's obtaining the appointment might not receive immunity.

Colafranceschi filed his Second Amended Complaint on April 25, 2013. Colafranceschi alleged that "Robinson solicited the services of the court by sending a letter to the Valley County courts prior" to her appointment, that she and the magistrate judge had lunch, during which "Robinson willfully misrepresented her qualifications to the court staff" for the purpose of obtaining the appointment as child custody evaluator. Colafranceschi alleged that Briley served as Robinson's supervisor on the case and Briley intentionally and willfully interfered with the child custody evaluation. He also alleged that Briley should not have been Robinson's supervisor due to a conflict of interest because Briley was Schoonover's counselor.

Robinson and Briley filed renewed motions to dismiss. Robinson and Briley asserted that quasi-judicial immunity protected them from suit and that defects in the appointment process did not result in loss of immunity. The district court dismissed the Second Amended Complaint on September 16, 2013, reasoning as follows:

Reduced to its basics the Plaintiff's Complaint alleges that Robinson misrepresented to the Court her qualifications to perform the home study. If that be the case, it should not have occurred. Nonetheless that allegation does not defeat the application of the doctrine of quasi-judicial immunity to the Defendant. Her background was subject to scrutiny prior to the completion of the home study. The report itself was subject to scrutiny, and the competence of the evaluator was subject to critical examination concerning her expertise and the contents of the evaluation. If there were an ethical violation, that would be the subject of review by the appropriate supervising authorities. If the Court for which the report was prepared determined that there was insufficient expertise to justify acceptance of the evaluation, the Court could disregard the evaluation. The Plaintiff could challenge the facts and conclusions of the evaluation by other evidence. In sum, there are remedial avenues short of exposing an evaluator to open ended litigation if there is a perceived flaw in the appointment process.

In high conflict custody cases there is likely discontent in many situations. The protection of those who do such evaluations afforded by the principle of quasi-judicial immunity is significant. It should not be lost easily. Allegations of fraud or some other mischief in obtaining an appointment might rise to the level of eliminating the shield, particularly if there are no avenues to remediate the alleged misconduct. The allegations of the Second Amended Complaint do not rise to that level.

Colafranceschi moved for reconsideration of the dismissal of his Second Amended Complaint. The district court denied the motion[2] and issued final judgments in favor of Briley and Robinson. Colafranceschi timely appealed.

## II. STANDARD OF REVIEW

"[A] district court's dismissal of a complaint under I.R.C.P. 12(b)(6) shall be reviewed de novo." *Hoffer v. City of Boise*, 151 Idaho 400, 402, 257 P.3d 1226, 1228 (2011) (alteration in original) (quoting *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010)).

## III. ANALYSIS

Colafranceschi has acted pro se throughout this action and on appeal. "Pro se civil litigants are not accorded special latitude merely because they chose to proceed through litigation without the assistance of an attorney." *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Further, "[p]ro se litigants are held to the same standards and rules as those

---

[2] Colafranceschi's notice of appeal advances the claim that the district court erred in denying his motion for reconsideration. We find that this claim has been waived because Colafranceschi did not support this issue on appeal with authority or argument. "When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered . . . . A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 16, 175 P.3d 172, 178 (2007) (omission in original) (quoting *Anson v. Les Bois Race Track, Inc.*, 130 Idaho 303, 304, 939 P.2d 1382, 1383 (1997)); *see also* I.A.R. 35(a)(6).

represented by an attorney." *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012) (quoting *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)).

"When considering a 12(b)(6) motion, we look only to the pleadings to determine whether a claim for relief has been stated." *Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 409, 258 P.3d 340, 344 (2011). "A motion to dismiss for failure to state a claim should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle [the plaintiff] to relief.' " *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (quoting *Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975)). On review, this Court draws all reasonable inferences in favor of the non-moving party. *Hoffer*, 151 Idaho at 402, 257 P.3d at 1228; *see also Allied Bail Bonds, Inc*., 151 Idaho at 409, 258 P.3d at 344.

As noted, the district court granted Robinson and Briley's motions to dismiss pursuant to Rule 12(b)(6) after concluding that quasi-judicial immunity extended to custody evaluators acting for the court and that Colafranceschi's claim of fraud or misrepresentation in obtaining the court appointment did not defeat this immunity. Colafranceschi does not challenge the district court's conclusion that custody evaluators are entitled to the protection provided by quasi-judicial immunity. Rather, he directs his challenge to the district court's conclusion that misconduct in securing the appointment does not strip the evaluator of immunity. Colafranceschi asserts that Robinson's misrepresentation of her qualifications should eliminate her immunity because an individual who is not qualified to conduct a home study is not entitled to the immunity afforded to qualified professionals. Robinson and Briley respond that an error in the evaluation of a proposed custody evaluator's qualification is not a basis for eliminating immunity. We agree.

The only authority that Colafranceschi has identified in support of his contention is the unreported case of *Kuberka v. Anoka Mediation, Inc.*, No. A05-2490, 2007 WL 3525 (Minn. Ct. App. Jan. 2, 2007). In *Kuberka*, the Minnesota Court of Appeals concluded that quasi-judicial immunity does not attach until the court appoints the custody evaluator. *Kuberka*, 2007 WL 3525 at *3. Thus, misrepresentations made during the appointment process would not be protected by quasi-judicial immunity and the custody evaluator could be subject to suit for misrepresentations. *Id.*

5

We do not find *Kuberka* to be persuasive authority. Colafranceschi does not argue that Robinson was simply not immune for her actions taken prior to her appointment, as was argued and addressed in *Kuberka*. Rather, Colafranceschi argues that because Robinson was not properly qualified to perform the home evaluation, she could never be protected by immunity. *Kuberka* does not support this position.

We find that current existing Idaho case law provides sufficient guidance to decide this issue. This Court extensively discussed quasi-judicial immunity in *McKay v. Owens*, 130 Idaho 148, 937 P.2d 1222 (1997). There, an attorney was appointed by the court to act as a guardian ad litem for a minor child. 130 Idaho at 149, 937 P.2d at 1223. Subsequently, plaintiffs filed a suit against the attorney alleging legal malpractice in the performance of his duties as guardian ad litem. *Id.* at 151, 937 P.2d at 1225. We concluded that the attorney was protected by quasi-judicial immunity. *Id.* at 158, 937 P.2d at 1232. In doing so, we applied a "functional approach" articulated by the United States Supreme Court that looks "to 'the nature of the function performed, not the identity of the actor who performed it.' " *Id.* at 156, 937 P.2d at 1230 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). Thus, we concluded that the attorney was protected by quasi-judicial immunity because, as a guardian ad litem, he was "acting as an arm of the court." *Id.* at 157, 937 P.2d at 1231. Likewise, as a neutral party gathering information for the court's use in making a child custody / parenting time decision, Robinson was performing a judicial function.[3]

Further, and perhaps more relevant to our decision today, we looked at the policies underlying quasi-judicial immunity to decide when someone is protected. *Id*. at 157–58, 937 P.2d at 1231–32. We considered the importance of the appointee's exercise of independent judgment and the importance of avoiding the pressure that might be brought to bear by the "intimidating wrath and litigious penchant of disgruntled parents." *Id*. at 158, 937 P.2d at 1232 (quoting *Short by Oosterhous v. Short,* 730 F.Supp. 1037, 1039 (D.Colo.1990)). We recognized the chilling effect on attorneys serving as guardians ad litem if they faced the prospect of litigation from "disgruntled or vituperative parents" seeking to hold them "personally

---

[3] Indeed, by rule, this Court has provided: "Any parenting time evaluator appointed by the court or a court approved, stipulated evaluator is performing a judicial function when conducting an evaluation and is entitled to qualified judicial immunity." I.R.C.P. 16(q); I.R.F.L.P. 719(J). These rules were not in effect at the time of Robinson's appointment.

responsible." *Id.* at 158, 937 P.2d at 1232 (quoting *Delcourt v. Silverman*, 919 S.W.2d 777, 785 (Tex. Ct. App. 1996)).

In our view, the emotionally charged nature of child custody disputes creates an even greater potential for retaliatory litigation by disappointed parents. As did the district court, we are unwilling to remove the shield of quasi-judicial immunity due to errors in the process of establishing the qualifications of a parenting time evaluator. We find that the chilling effect on professionals' willingness to perform this important function outweighs the interests of aggrieved parents. We do so for reasons similar to those we considered in *McKay*, where we observed that quasi-judicial immunity "does not leave the parties without recourse." *Id.* We noted that a guardian ad litem is subject to the Rules of Professional Conduct, that the guardian can be removed by the court, the court can reject the recommendations, and the parties may appeal an adverse decision. *Id.* Likewise, dissatisfied litigants may request that the evaluator be removed, that the court disregard any report or recommendation, and appeal any adverse decision.

For these reasons, we conclude that Robinson's motion to dismiss was properly granted as Colafranceschi can prove no set of facts which would entitle him to relief. I.R.C.P. 12(b)(6).

As to Briley, Colafranceschi argues that because Briley was not specifically appointed by the court, she is not entitled to quasi-judicial immunity. Although this Court has not previously addressed the issue of quasi-judicial immunity for a supervisor, other courts have concluded that when the claim against a supervisor is dependent upon the claim against the court-appointed actor, immunity extends to the supervisor. *See, e.g., Awai v. Kotin*, 872 P.2d 1332, 1336 (Colo. App. 1993); *Myers v. Price*, 463 N.W.2d 773, 776 (Minn. App. 1990). We adopt this reasoning and conclude that Colafranceschi can prove no set of facts which would entitle him to relief. For that reason, the district court properly dismissed his claims against Briley.

### IV. CONCLUSION

We affirm the judgment of the district court dismissing Colafranceschi's complaint with prejudice and award costs on appeal to Robinson and Briley.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES, **CONCUR**.