175 P.3d 172

## GEM STATE INSURANCE COMPANY, an Idaho corporation, Plaintiff–Respondent,

v.

## Thomas Evon HUTCHISON d/b/a Hutchison Construction Company, Defendant–Appellant.

No. 33141.

Supreme Court of Idaho, Boise, November 2007 Term.

Dec. 24, 2007.

---

Jeffrey E. Rolig, Twin Falls, for appellant.

Brian D. Harper, Twin Falls, for respondent.

HORTON, Justice.

Appellant Thomas Hutchison (Hutchison) appeals from the grant of summary judgment entered in the district court in favor of Respondent Gem State Insurance Company (Gem State). In this case, the Court is asked to decide the following questions: (1) whether a party that did not submit a written memorandum in response to a summary judgment motion is entitled to participate at oral argument before the trial court; (2) whether the trial court erred by failing to consider an objection to an affidavit in support of summary judgment when the only objection was raised during oral argument at the summary judgment hearing; and (3) whether the trial court erred by striking portions of an affidavit offered in opposition to the motion. We vacate the grant of summary judgment and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During April 2004, Hutchison was constructing a home. The drywall subcontractor was having difficulty taping and texturing the drywall because cold weather was preventing the materials from drying properly.

Hutchison set up a propane heater with two five-gallon propane tanks to heat the building site, but the tanks kept freezing up and did not adequately heat the building. Hutchison installed a forty-gallon propane tank and placed the tank close to the heater to keep it from freezing up. Subsequently, a fire broke out at the building site. A post-fire investigation conducted by Captain Vernon Plott ("Plott") of the Twin Falls Fire Department concluded that the fire resulted from the propane tank being placed 20 inches from the front of the heater.

The fire caused damaged in the amount of $33,570.94, which was paid by Gem State. Originally, an indemnity action was initiated by the homeowners against Hutchison. However, due to a contract counterclaim asserted by Hutchison, counsel agreed to bifurcate the contract counterclaim from the indemnity claim against Hutchison. The only issues before this Court relate to Gem State's claim that Hutchison negligently caused the fire.

Gem State moved for summary judgment. The motion was supported, in part, by an affidavit from Plott as to the cause and origin of the fire. Although he did not file a brief in opposition to the motion, Hutchison filed his affidavit in opposition to Gem State's motion. Gem State moved to strike portions of Hutchison's affidavit. The motion to strike came before the district court for hearing one week before the hearing on the motion for summary judgment. At that time, Gem State objected to Hutchison's participation in the argument due to his failure to file a brief in opposition to the motion as required by I.R.C.P. 56(c). The district court overruled the objection. After receiving argument, the district court granted Gem State's motion to strike portions of Hutchison's affidavit.

At oral argument on the motion for summary judgment, Gem State renewed its objection to Hutchison's participation in the hearing. The district court implicitly overruled this objection, as Hutchison was permitted to present argument in opposition to Gem State's motion. During argument, Hutchison objected to the court's consideration of Plott's affidavit. The district court declined to consider the objection and granted summary judgment in favor of Gem State. Judgment was entered on April 18, 2006 and Hutchison has appealed.

## II. STANDARD OF REVIEW

"In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006). Disputed facts are construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are drawn in favor of the non-moving party. *Id.* "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* "I.R.C.P. 56(e) provides that the adverse party may not rest upon mere allegations in the pleadings, but must set forth by affidavit specific facts showing there is a genuine issue for trial." *Rhodehouse v. Stutts*, 125 Idaho 208, 211, 868 P.2d 1224, 1227 (1994) (citation omitted).

Affidavits supporting or opposing the motion for summary judgment shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 327, 48 P.3d 651, 656 (2002) (citations omitted). The admissibility of the evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold question to be answered before applying the liberal construction and reasonable inferences rule to determine whether the evidence is sufficient to create a genuine issue for trial. *Id.* Summary judgment is appropriate where the non-moving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id.*

## III. ANALYSIS

As both parties have presented issues on appeal, this opinion will address the following issues in turn: (1) whether Hutchison was entitled to present oral argument before the district court at the summary judgment hearing; (2) whether Hutchison's oral objection to Plott's affidavit triggered a duty by the trial court to examine the admissibility of the testimony contained therein; (3) Hutchison's claim that the district court improperly struck certain portions of his affidavit; and (4) whether the district court failed to extend Hutchison the benefit of reasonable inferences.

### A. The district court properly allowed Hutchison to participate in oral argument

■ As a threshold matter, this Court first considers Gem State's claim that Hutchison should not have been permitted to present oral argument in opposition to the motion for summary judgment. Gem State argues that a party's failure to file a brief in opposition to a motion for summary judgment precludes that party from presenting argument on the motion. Gem State's argument is based upon the interplay between I.R.C.P. 56(c) and I.R.C.P. 56(e). I.R.C.P 56(c) provides that "[t]he adverse party *shall* also serve an answering brief at least 14 days prior to the date of the hearing." (emphasis added). I.R.C.P. 56(e) states, in pertinent part, as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.*

(emphasis added).

Relying on the emphasized language from the two rules, Gem State asserts that a party who has failed to comply with the mandatory language of I.R.C.P. 56(c) must be excluded from participation in oral argument on the

motion for summary judgment. This Court is not so persuaded.

I.R.C.P. 56(c) provides the sanctions that a trial court may, in the exercise of its discretion, impose upon a party for failure to comply with the requirements of that rule. In the event of a party's failure to comply with the requirements of the rule, "[t]he court . . . may impose costs, attorney fees and sanctions against a party or the party's attorney, or both." The rule simply does not provide for exclusion of a party from participation in summary judgment as a sanction. The district court did not err when it overruled Gem State's objection to Hutchison's participation.

### B. The district court's failure to address Hutchison's objection requires that the summary judgment be vacated

We consider two issues relating to the district court's decision not to consider Hutchison's objection: (1) whether the failure to address the objection constituted an abuse of discretion; and (2) whether the error requires that summary judgment be vacated.

1.  *The district court's failure to address Hutchison's objection to Plott's affidavit*

■ When considering evidence presented in support of or opposition to a motion for summary judgment, a court can only consider material which would be admissible at trial. *Petricevich v. Salmon River Canal, Co.,* 92 Idaho 865, 869, 452 P.2d 362, 366 (1969); I.R.C.P. 56(e). Thus, if the admissibility of evidence presented in support of a motion for summary judgment is raised by objection by one of the parties, the court must first make a threshold determination as to the admissibility of the evidence "before proceeding to the ultimate issue, whether summary judgment is appropriate." *Bromley v. Garey,* 132 Idaho 807, 811, 979 P.2d 1165, 1169 (1999) (quoting *Ryan v. Beisner,* 123 Idaho 42, 45, 844 P.2d 24, 27 (Ct.App. 1992)).

■ Despite Gem State's earlier motion to strike, Hutchison waited until oral argu-

ment on the motion for summary judgment to object to the testimony contained in Plott's affidavit. He objected to the admissibility of Plott's conclusion as to the cause of the fire, arguing that the conclusion was not supported by facts in the record, the affidavit did not establish Plott's reasoning and the affidavit did not establish Plott's competence to testify as to causation. The district court overruled the objection. Noting that Hutchison had not moved to strike Plott's affidavit, the district court concluded the objection was "not appropriately before the court." Hutchison argues that the district court abused its discretion. We agree.

This Court applies an abuse of discretion standard when determining whether testimony offered in connection with a motion for summary judgment is admissible. *McDaniel v. Inland Northwest Renal Care Group–Idaho, LLC,* 144 Idaho 219, 221, 159 P.3d 856, 858 (2007). When evaluating a claimed abuse of discretion, this Court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In this case, the district court applied an erroneous legal standard. Idaho law permits a party to wait until a summary judgment hearing to object to the affidavits of the opposing party. *Hecla Mining Co. v. Star–Morning Mining Co.,* 122 Idaho 778, 782–83, 839 P.2d 1192, 1196–97 (1992). In *Hecla,* this Court held that oral objection at a summary judgment hearing was sufficient to preserve the right to challenge the admission of evidence in an affidavit on appeal even though that party did not submit a written pre-hearing motion to strike. *Id.* In so holding, this Court stated that there is "no authority in this state that requires a motion to strike." Rather, we held that only "some form of objection is ordinarily necessary" to "preserve the right to challenge on appeal

the admission or consideration of evidence." *Id.*

We are not without sympathy for the district court. Last minute objections at oral argument reward the objecting party by depriving the party opposing the objection of the opportunity to provide a meaningful response. While the party making the objection has had the opportunity to research the issue and construct an argument, the party opposing the objection must immediately respond without opportunity for meaningful reflection. The trial court's ability to provide a considered and well-reasoned response to the objection is similarly compromised.

Rather than simply refusing to consider such objections, trial courts must exercise authority that they presently possess in order to head off such problems. Trial courts clearly possess the authority to enter scheduling orders which prescribe the timing and manner for presenting objections to the admissibility of evidence submitted for purposes of summary judgment. I.R.C.P. 16(b). In the absence of such orders, which provide notice to the parties that they may not rely on *Hecla,* trial courts are required to apply the rule of law we pronounced in *Hecla.*

2. *The effect of the district court's failure to consider Hutchison's objection*

The only evidence offered in support of the motion for summary judgment relating to the cause of the fire was the expert testimony contained in Plott's affidavit. If the evidence contained in the affidavit would be inadmissible at trial, the court should not have considered it in ruling on the motion for summary judgment. Because the district court made no determination as to the admissibility of this evidence, summary judgment based solely on the "unrebutted evidence" of causation contained therein was inappropriate.

This Court is not free to determine the admissibility of Plott's testimony on appeal. The admissibility of expert testimony is a matter committed to the discretion of the trial court. *Athay v. Stacey,* 142 Idaho 360, 366, 128 P.3d 897, 903 (2005). This Court has held that when the discretion exercised

by a trial court is affected by an error of law, our role is to note the error made and remand the case for appropriate findings. *Miller v. Haller,* 129 Idaho 345, 351, 924 P.2d 607, 613 (1996). For that reason, the grant of summary judgment is vacated and the case remanded for the district court's determination of the admissibility of Plott's testimony before consideration of the merits of the motion for summary judgment.

Hutchison advances two additional issues on appeal: (1) whether the district court erred by striking portions of his affidavit; and (2) whether the district court failed to extend him the benefit of reasonable inferences in granting the motion for summary judgment. These issues will be addressed in turn.

### C. The district court's order striking portions of Hutchison's affidavit

In order to counter Plott's affidavit, and rather than employing an outside party, Hutchison prepared his own "fire report." This "report" was attached as an exhibit to his affidavit. The report included diagrams, pictures, statements of the conduct and findings of others, and Hutchison's conclusion "that there was foul play involved." The district court struck irrelevant drawings and pictures, hearsay, and Hutchison's opinion as to the cause of the fire. Hutchison asserts that this was error. Gem State responds that this issue is not properly before the Court. We agree.

"When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered.... A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 304, 939 P.2d 1382, 1383 (1997) (quoting *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996)). The only references to this issue in Hutchison's brief are found in his statements of fact and issues presented on appeal. His brief is otherwise silent, providing no argument regarding the admissibility of his affidavit. We conclude that this issue has been waived on appeal. *Christensen v. City of*

*Pocatello,* 142 Idaho 132, 135, 124 P.3d 1008, 1011 (2005).

### D. Whether the district court failed to extend Hutchison the benefit of reasonable inferences

Hutchison argues that the district court failed to give him the benefit of reasonable inferences when it granted summary judgment in favor of Gem State. In support of this argument, Hutchison relies on the fact that he had placed a propane tank close to a heater many times over the past thirty years without adverse consequences, the fact that the tank and burner had been set up early that morning before the fire, and the fact that the tank and hose were in good condition. These facts, he argues, entitle him to an inference that the close proximity of the tank to the burner did not cause the fire.

Gem State responds that evidence of Hutchison's past negligent conduct that has not resulted in injury does not entitle him to the reasonable inference that his negligence in this case did not cause the fire. In support of this response, Gem State analogizes to a habitual drunken driver. Gem State points to the absurdity of a claim that a lengthy history of driving while intoxicated without past accidents demonstrates an absence of fault for an automobile accident in which the drunken motorist was involved. However appealing this argument may be, we are not free to decide it today.

Hutchison bears no burden of responsive production until such time as Gem State has presented admissible evidence in support of its motion demonstrating the absence of a genuine issue of material fact. *Sherer v. Pocatello School Dist. No. 25,* 143 Idaho 486, 489, 148 P.3d 1232, 1235 (2006). The district court must determine the threshold question whether Gem State has presented admissible evidence before applying the liberal construction and reasonable inferences rule. *Hecla,* 122 Idaho at 778, 839 P.2d at 1198; *Carnell,* 137 Idaho at 327, 48 P.3d at 656. As the threshold question of the admissibility of Plott's affidavit has not been answered, we are not in a position to address Hutchison's claim of entitlement to reasonable inferences.

## IV.  CONCLUSION

We vacate the district court's grant of summary judgment and remand for proceedings consistent with this opinion.

Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES, concur.