# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44093

<table>
<tr><td>

STEPHEN BOSWELL and KARENA
BOSWELL, husband and wife,

  Plaintiffs-Appellants,

v.

AMBER DAWN STEELE and the Estate
of MARY STEELE,

  Defendants-Respondents.

</td><td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)

</td><td>

2017 Opinion No. 43

Filed: September 6, 2017

Karel A. Lehrman, Clerk

</td></tr>
</table>

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. William H. Woodland, District Judge.

Judgment in negligence action, <u>vacated</u> and <u>case remanded</u>.

Merrill & Merrill Chtd.; Kent A. Higgins, Pocatello, for appellants. Kent A. Higgins argued.

Cooper & Larsen, Chtd.; Reed W. Larsen; Pocatello, for respondents. Reed W. Larsen argued.

_____

GUTIERREZ, Judge

Stephen and Karena Boswell appeal from the district court's judgment entered in favor of Amber Dawn Steele and the Estate of Mary Steele.[1] The Boswells argue the district court erred in reducing their claims to negligence causes of action by not instructing the jury on common law and statutory strict liability, by instructing the jury on negligence, and by providing the negligence special verdict form. For the reasons explained below, we vacate the district court's judgment and remand for further proceedings.

---

[1]   Mary Steele passed away subsequent to the Boswells filing their claims.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

After Amber's dog bit Stephen, the Boswells filed a complaint alleging various causes of action. Both parties moved for summary judgment. The district court granted summary judgment in favor of the Steeles. The Boswells filed a motion to reconsider, which was denied. The district court entered a judgment in favor of the Steeles, dismissing the Boswells' claims.

The Boswells appealed from the district court's summary judgment. This Court vacated and remanded after determining the Boswells pled a cause of action for liability for domestic animals, simple negligence, premises liability, negligence per se, and injury from a dangerous animal as defined by the Pocatello Municipal Code; and the Boswells sufficiently supported these claims with evidence to survive summary judgment. *Boswell v. Steele*, 158 Idaho 554, 348 P.3d 497 (Ct. App. 2015).

On remand, the Boswells filed motions for partial summary judgment, arguing they were entitled to summary judgment on their strict liability and Pocatello Municipal Code claims, and that the Steeles' defenses of comparative negligence should be stricken. The district court denied the motions, reasoning the Boswells' claims all sound in negligence and therefore subject to the defense of comparative negligence. Before trial, the Boswells voluntarily dismissed their negligence claims. The district court instructed the jury on negligence and gave the jury a negligence special verdict form. The jury returned a verdict in favor of the Steeles, finding that they were not negligent. The Boswells appeal from the district court's judgment entered against them.

# II.

## ANALYSIS

The Boswells argue the district court erred in reducing the Boswells' claims to negligence by not instructing the jury on common law and statutory strict liability, by instructing the jury on negligence, and by providing the special verdict form about negligence. Whether the jury has been properly instructed is a question of law over which we exercise free review. *Needs v. Hebener*, 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App. 1990). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *Powell v. Sellers*, 130 Idaho 122, 126, 937 P.2d 434, 438 (Ct. App. 1997). A requested jury instruction need not be given if it is either an erroneous statement

of the law, adequately covered by other instructions, or not supported by the facts of the case. *Craig Johnson Const., L.L.C. v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006).

## A.  Common Law and Statutory Strict Liability

The core and dispositive issue on appeal is whether Idaho, at the time Stephen was bitten, had adopted strict liability in dog-bite cases.  As we explained in *Boswell*, the Idaho Supreme Court "adopted a rule that an owner of a domesticated animal will be liable for injuries it causes if the owner had prior knowledge, or should have known, of the animal's dangerous propensity. It is the elements of the cause of action that are significant, not a label of strict liability or negligence."  *Boswell*, 158 Idaho at 561, 348 P.3d at 504 (discussing *McClain v. Lewiston Interstate Fair & Racing Ass'n*, 17 Idaho 63, 104 P. 1015 (1909)).

The Idaho Supreme Court recently confirmed the elements of liability for domestic animals set forth in *Boswell*:

> In the context of liability for domestic animals, duty is governed by "a rule of law lacking the ordinary care scienter requirement of negligence when owners of domestic animals know of vicious tendencies.  In cases where a domestic animal is not trespassing, the owner of the animal is *liable* for injuries caused if the owner knew or should have known of the animal's vicious or dangerous tendencies."

*Bright v. Maznik*, 162 Idaho 311, 315, 396 P.3d 1193, 1197 (2017) (quoting *Boswell*, 158 Idaho at 560, 348 P.3d at 503) (emphasis added).  While the Supreme Court has been reluctant to classify this type of liability as "strict liability," the Restatement makes clear that what Idaho has referred to as "liability for domestic animals" is strict liability.  The elements of liability for domestic animals set forth in *Boswell* mirror the elements of strict liability for abnormally dangerous animals set forth in RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 23 (2010).  The Restatement provides:  "An owner or possessor of an animal that the owner or possessor knows or has reason to know has dangerous tendencies abnormal for the animal's category is subject to strict liability for physical harm caused by the animal if the harm ensues from that dangerous tendency."

The Boswells' proposed jury instruction 6 sets forth the exact language we provided in *Boswell* and the Supreme Court reiterated in *Bright*.  The instruction reads:  "[T]he owner of a dog is liable for injuries caused by the dog if the owner knew or should have known of the dog's dangerous tendencies.  Similarly, the custodian of a dog is liable for injuries caused if such

3

custodian knew or should have known of the dog's dangerous propensities." The proposed jury instruction further clarified: "There is no requirement under this claim for the Plaintiffs to prove that the owner or the custodian of the dog failed to exercise ordinary care." The district court, however, disregarded the Boswells' proposed instruction and instead conflated negligence with strict liability. The district court instructed the jury that "the owner of a dog is negligent if the owner knew or should have known of the dog's dangerous tendencies. Similarly, the custodian of a dog is also negligent for injuries caused if such custodian knew or should have known of the dog's dangerous tendencies." These are not accurate statements of the law. Had the district court replaced "negligent" with "liable," the instruction would have been an accurate statement of the law. Instead, the instruction misled the jury to consider negligence in a strict liability analysis. Moreover, the special verdict form only included negligence causes of action. Accordingly, the district court erred in instructing the jury by effectively reducing the Boswells' claims to negligence causes of action. While the Court in *Boswell* was justifiably hesitant to use the description "strict liability," as liability for domestic animals claims had never before been classified as such in Idaho, for purposes of clarification the district court is instructed that the elements of liability for domestic animals set forth in *Boswell* amount to strict liability.

Turning to statutory strict liability, the Boswells argue Pocatello Municipal Code §§ 6.04.010 and 6.04.050 create a private cause of action that imposes statutory strict liability on the owner of a vicious animal behind an unprovoked attack.[2] Pocatello Municipal Code § 6.04.050(E) provides: "An adult owner/custodian of a dangerous animal shall be liable for all injuries and property damage sustained by any person or by animal caused by an unprovoked attack by any dangerous animal . . . ."[3] The district court instructed the jury on this

---

[2] In 2016, the legislature enacted Idaho Code § 25-2810, providing a statutory claim in dog-bite actions.

[3] Pocatello Municipal Code § 6.04.010 defines a "dangerous animal" as:

A. Any animal which, when unprovoked by teasing, taunting, or a threatening manner by any person, approaches said person in an apparent attitude of attack upon the streets, sidewalks, public grounds or places, common areas within subdivisions or mobile home or recreational vehicle parks, common grounds of apartment buildings, condominiums, or townhouse developments, or private property not solely owned or possessed by the owner or custodian of the animal.

4

code section, but further instructed that "a violation of the ordinance is negligence." This is not an accurate statement of the law because PMC § 6.04.050(E) does not set forth a negligence cause of action. The city code does not include any language pertaining to duty, breach of care, or the care of a reasonable person. Rather, it sets forth a statutory strict liability cause of action. The instruction was therefore improper. Moreover, the special verdict form only included questions pertaining to negligence. The district court erred by reducing the strict liability established in the city code to negligence in both the jury instruction and the special verdict form.

**B.    Comparative Negligence Defense**

The Boswells further contend that comparative negligence is not a viable defense to a strict liability dog-bite claim. The Boswells accordingly argue that the district court erred in instructing the jury on comparative negligence. Because this Court is holding that Idaho's approach to liability for domestic animals is better classified as strict liability than negligence, it is required to answer the related question of whether comparative negligence is a defense to strict liability dog-bite claims.

Comparative negligence, in Idaho, is a creature of positive law. In 1971, it was made available as a defense to a claim of negligence, gross negligence, or comparative responsibility by Idaho Code § 6-801. Under I.C. § 6-801, "a contributorily negligent plaintiff is not barred

---

B.    Any animal with a known propensity, tendency, or disposition to attack unprovoked, to cause injury, or to otherwise endanger the safety of human beings or domestic animals or livestock; or

C.    Any animal which bites, inflicts injury, assaults, or otherwise attacks a human being or domestic animal or livestock without justifiable provocation; or

D.    Any animal owned or harbored primarily or in part for the purpose of fighting or any animal trained for fighting; or

E.    Any dog which has been trained as an attack dog, except dogs used by law enforcement agencies.

Exceptions:  An animal will not be considered dangerous if it engages in any of the above listed actions toward a person or animal that is either: a) committing a trespass or other tort upon the premises of the animal's owner or custodian, or b) committing a crime against the animal's owner or custodian. An animal will not be considered dangerous if any of the above actions occur when the animal is being teased, tormented, or abused, or if the actions were in reaction to either a crime committed by a person or an attempt by the person to commit the crime.

5

from recovering damages from a negligent defendant provided the plaintiff's negligence is 'not as great as' the defendant's negligence." *See Seppi v. Betty*, 99 Idaho 186, 188, 579 P.2d 683, 685 (1978).   However, "the plaintiff's damages, if not barred, are reduced by the percentage of the total negligence attributable to the plaintiff." *Id.*   The legislature also made comparative negligence available in product liability cases after the Idaho Supreme Court declared that product liability cases would be governed by strict liability principles.  I.C. § 6-1405 (1980); *see Shields v. Morton Chem. Co.*, 95 Idaho 674, 674, 518 P.2d 857, 857 (1974).   To answer the question of whether these statutes apply to a strict liability dog-bite claim requires this Court to engage in statutory interpretation.

The interpretation of a statute is a question of law over which this Court exercises free review.  *State v. Maidwell*, 137 Idaho 424, 426, 50 P.3d 439, 441 (2002).   The object of statutory interpretation is to derive legislative intent.  *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011).   Interpretation of a statute begins with the statute's literal words.  *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999).   The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings.  *Id.*   The Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *Id.*   When the statutory language is unambiguous, courts must give effect to the legislature's clearly expressed intent without engaging in statutory construction.  *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999).

However, if the statute is ambiguous, this Court must engage in statutory construction to ascertain legislative intent and give effect to that intent.  *Id.*   To ascertain the legislature's intent, this Court examines the literal words of the statute, the context of those words, the public policy behind the statute, and the statute's legislative history.  *Id.*   Courts must construe a statute "under the assumption that the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed."  *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994).   Finally, Idaho has recognized the rule of *expressio unius est exclusio alterius*--"where a constitution or statute specifies certain things, the designation of such things excludes all others."  *Local 1494 of the Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978).

Applying the rule of *expressio unius est exclusion alterius*, the answer to the question of whether these statutes apply to a strict liability dog-bite action would be a resounding "no."  The

6

text of I.C. § 6-801 clearly states that the statute applies to "negligence, gross negligence or comparative responsibility" actions, while I.C. § 6-1405 covers product liability actions. Strict liability actions are not negligence, gross negligence, comparative responsibility, or product liability actions. Accordingly, strict liability actions should be excluded from the scope of either statute. However, there is an issue with this logic: at the time these statutes were enacted, 1971 and 1980 respectively, dog-bite claims were not labeled as "strict liability" claims. *McClain*, 17 Idaho at 74, 104 P. at 1018.[4]

In enacting I.C. § 6-801, the legislature was responding to the Court's refusal to replace the all-or-nothing contributory negligence doctrine with a comparative negligence scheme. *See Clark v. Foster*, 87 Idaho 134, 139, 391 P.2d 853, 855 (1964) ("We do not recognize comparative negligence in Idaho."). In interpreting I.C. § 6-801, the Idaho Supreme Court has determined that I.C. § 6-801's "intent is clear: Contributory negligence is not to be a complete bar to recovery." *Salinas v. Vierstra*, 107 Idaho 984, 989, 695 P.2d 369, 374 (1985).

Considering the history behind the enactment of I.C. § 6-801 and I.C. § 6-1405, the intent of the legislature suggests that what this Court is labeling strict liability dog-bite claims for purposes of this case should still fall under the legislative comparative negligence scheme. This is because the elements of a dog-bite action were the same when I.C. § 6-801 was passed as when this cause of action arose. The question now is whether the comparative negligence defense in strict liability dog-bite actions should be limited to only some forms of contributory negligence.

---

[4]     *McClain v. Lewiston Interstate Fair & Racing Ass'n*, 17 Idaho 63, 104 P. 1015 (1909) dealt with an action grounded in negligence and trespass, despite using the word "liable" seventeen times. *Id.* at 82, 104 P. at 1021 ("[W]hen a dog invades and trespasses upon the legal rights of a person and injures person or property, and such invasion and trespass is the result of the negligence of the owner, the owner is liable for the damages done."). *McClain* also relied on a case from Maine in developing a rule for domestic animal liability. *Id.* at 79-80, 104 P. at 1020-21 (citing *Decker v. Gammon*, 44 Me. 322, 328-29 (Me. 1857)). The *Decker* Court cited, approvingly, the following statement of domestic animal liability principles: "If damage be done by any domestic animal, kept for use or convenience, the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to do mischief." *Id.* at 329 (citing *Vrooman v. Lawyer*, 13 Johns. 339 (N.Y. Sup. Ct. 1816)). Based on the language used in *McClain* and *Decker*, domestic animal liability claims would likely have been classified under negligence or trespass, rather than strict liability, when I.C. § 6-801 was enacted.

7

The legislature, in the Idaho Products Liability Act, distinguished between failure to exercise reasonable care to guard one's self from danger and the misuse of a product or use of a product despite having knowledge that the product is defective. I.C. § 6-1405 (1980). This limitation was consistent with the Second Restatement approach in place in 1980, when the Act was enacted. RESTATEMENT (SECOND) OF TORTS § 515 (1977).

The approach that best follows the legislature's intent in the realm of strict liability is, therefore, the Second Restatement approach. The defense of comparative negligence, in relation to common law strict liability dog-bite actions, is therefore limited to the plaintiff's "contributory negligence in knowingly and unreasonably subjecting himself to the risk" that an abnormally dangerous animal posed to him. RESTATEMENT (SECOND) OF TORTS § 515 (1977). Provocation would thus subject a plaintiff to the defense of comparative negligence. *See* RESTATEMENT (SECOND) OF TORTS § 515 cmt. e (1977). On remand, the district court should instruct the jury based on I.C. § 6-801's modified comparative negligence scheme, subject to the limitation that the comparatively negligent act must have consisted of voluntarily and unreasonably encountering a known danger; e.g., by provoking the animal. RESTATEMENT (SECOND) OF TORTS § 515 cmt. c (1977).[5]

Additionally, Pocatello Municipal Code § 6.04.050(E) provides a defense--provocation--to the strict liability private cause of action in dog-bite cases. The city code specifically states that if an attack is provoked, the owner of a dangerous animal is not liable for any injuries caused by the animal. The city code further provides that an animal is simply not dangerous, and thus outside the scope of the statute, if "the animal is being teased, tormented, or abused, or if the actions were in reaction to either a crime committed by a person or an attempt by the person to commit a crime." Pocatello Municipal Code § 6.04.010. Thus, if the jury finds that the plaintiff teased, tormented, abused, or provoked the animal into attacking, the jury should find that the defendant is not liable under the Pocatello Municipal Code.

---

[5]    The comments to Section 515 of the Second Restatement of Torts speak in terms of barring recovery. RESTATEMENT (SECOND) OF TORTS § 515 cmt. c (1977). However, for strict liability dog-bite actions, Idaho's modified comparative negligence scheme, which allows partial recovery, still applies. *See* I.C. § 6-801; *see also* I.C. § 6-1405. Only the limitation that the comparatively negligent act must have consisted of voluntarily and unreasonably encountering a known danger is being adopted from the Second Restatement.

8

In sum, the district court did not necessarily err by instructing the jury on comparative negligence or by including an apportionment of fault formula on the special verdict form, though on remand the district court is to use the more limited comparative negligence defense set forth in this opinion when describing the defenses available under Idaho's common law strict liability cause of action. With regard to Pocatello's strict liability cause of action, the district court should instruct the jury that a plaintiff's teasing, tormenting, abusing, or provoking an animal constitutes an absolute bar to recovery.

## C.    Attorney Fees and Costs

In their opening brief, the Boswells request attorney fees pursuant to Idaho Rule of Civil Procedure 54(e)(1), which provides that a court may award reasonable attorney fees to the prevailing party when provided for by any statute or contract. The Boswells are indeed the prevailing party on appeal. However, they do not provide a statute or point to a contract as a basis for attorney fees. The mere citation to a civil rule "is insufficient for an award of attorney fees on appeal." *Athay v. Rich County*, 153 Idaho 815, 827, 291 P.3d 1014, 1026 (2012). Rule 54(e)(1) "does not provide any authority for awarding attorney fees." *Capps v. FIA Card Services, N.A.*, 149 Idaho 737, 744, 240 P.3d 583, 590 (2010). Moreover, Rule 54(e)(1) "only governs the procedure in the district courts and the magistrate's divisions of the district courts . . . not the procedure on appeal to this Court." *Id.*

The Boswells filed a post-brief motion for attorney fees, requesting attorney fees pursuant to I.C. § 12-121 and *Hoffer v. Shappard*, 160 Idaho 868, 380 P.3d 681 (2016). An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. The Boswells do not argue the appeal has been defended frivolously, unreasonably, or without foundation. When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *Gem State Ins. Co. v. Hutchinson*, 145 Idaho 10, 16, 175 P.3d 172, 178 (2007) (quoting *Anson v. Les Bois Race Track, Inc.*, 130 Idaho 303, 304, 939 P.2d 1382, 1383 (1997)). A party waives an issue on appeal if either argument or authority is lacking, not just if both are lacking. *Gem State Ins. Co.*, 145 Idaho at 16, 175 P.3d at 178. Because the Boswells did not provide argument as to why and how I.C. § 12-121 applies, this issue is waived. The Boswells also do not provide argument as to why and how *Hoffer* applies. Moreover, the rule set forth in

9

*Hoffer*--that prevailing parties in civil litigation have the right to be made whole for attorney fees they have incurred when justice so requires--has since been abrogated by the Idaho Legislature. I.C. § 12-121. For all these reasons, we deny attorney fees to the Boswells.

The Steeles request both attorney fees and costs, pursuant to Idaho Code § 12-121 and Idaho Appellate Rules 40 and 41. The Steeles, however, are not the prevailing party on appeal and are therefore not entitled to attorney fees and costs. While we agree with the Steeles that comparative negligence is a viable defense to strict liability, we are nonetheless vacating the district court's judgment entered in favor of the Steeles and remanding for further proceedings.

## III.

## CONCLUSION

The district court erred in instructing the jury on negligence causes of action and only including negligence on the special verdict form because the Boswells were permitted to pursue both common law strict liability and statutory strict liability causes of action. The district court did not err by instructing the jury on comparative negligence or by including an apportionment of fault formula on the special verdict form because comparative negligence is a defense to the common law strict liability dog-bite cause of action. However, on remand the district court is to use the limited comparative negligence defense set forth in this opinion. Moreover, comparative negligence in the form of provoking, teasing, tormenting, or abusing the animal still serves as an absolute bar to recovery under Pocatello's statutory strict liability cause of action. We therefore vacate the district court's judgment entered against the Boswells and remand for further proceedings. Additionally, we decline to award attorney fees to either the Boswells or the Steeles. Costs on appeal are awarded to the Boswells as the prevailing party as a matter of right pursuant to I.A.R. 40.

Judge HUSKEY **CONCURS**.

Judge Pro Tem WALTERS, **SPECIALLY CONCURRING**

I concur in the result because the district court erred in giving to the jury instructions relating to causes of action predicated on theories of negligence when the plaintiffs had withdrawn their claims asserting liability based on alleged negligence. However, I am not convinced that causes of action for damage resulting from a domestic dog bite under the circumstances of this case needs to be characterized as a form of strict liability or that provocation by the plaintiff should be measured as a form of comparative fault. Consistent with

the recently adopted legislative directive in Idaho Code § 25-2810(10) and the City of Pocatello Municipal Code § 6.04.050(E), provocation by the plaintiff, if found by the jury to exist as a matter of fact, should be an absolute bar to recovery by the plaintiffs.