# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46304

| | | |
|---|---|---|
| In Re:  THE CONTEST OF THE ELECTION (primary election-Republican nomination) FOR STATE REPRESENTATIVE IN LEGISLATIVE DISTRICT NO. 7, POSITION "B". | ) ) ) ) ) ) | **Boise, September 2018 Term** |
| ----------------------------------------------------------- | ) | **Filed: September 7, 2018** |
| PHIL HART, | ) ) | **Karel A. Lehrman, Clerk** |
| Contestor-Appellant, | ) ) | |
| v. | ) ) | |
| PAUL SHEPHERD, | ) ) | |
| Contestee-Respondent, | ) ) | |
| and | ) ) | |
| LAWERENCE B. DENNEY, Idaho Secretary of State, | ) ) ) | |
| Intervenor-Respondent. | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Idaho County.  Hon. Gregory FitzMaurice, District Judge.

The judgment of the district court is <u>affirmed.</u>

Thomas J. Katsilometes, P.L.L.C., Boise and Macomber Law, PLLC, Coeur d'Alene, for Appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for Intervenor-Respondent.

_____

PER CURIAM

Phil Hart appeals from the Idaho County district court's grant of summary judgment dismissing his action contesting the results of a primary election for a legislative seat. The district court ruled that Hart had failed to demonstrate that any irregularities in the election were "sufficient to change the result"—an essential component of an election challenge under the

Elections Contests Act, Idaho Code sections 34-2101–34-3128.[1] Hart timely appealed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2018, Hart filed a declaration of candidacy seeking the Republican nomination for the office of State Representative for the Seventh Legislative District, Position B. On March 12, 2018, the Secretary of State certified his candidacy. Later, the Secretary of State's Office sent Hart a letter dated April 24, 2018, informing him that he did "not meet the qualifications to be an Idaho Legislator" and his "name, therefore, should not appear on the primary ballot, but since they have already been printed, [his] name will be marked out and no votes will be counted." Local and statewide media reported that Hart had been declared ineligible. The Secretary of State's Office subsequently reversed its position as to Hart's eligibility for the legislative seat after an adverse ruling in a lawsuit filed by another candidate who had also been deemed ineligible to have her name on the ballot.

The primary election was held on May 15, 2018. Hart lost to Paul Shepherd by a margin of 944 votes out of the 5,450 votes cast.[2] There were 424 absentee ballots cast in the election, 101 of which had Hart's name stricken out and 39 ballots in which no vote was cast for either Hart or Shepherd. On June 4, 2018, Hart brought this action contesting the results of the primary election, relying on Idaho Code section 34-2104(7) ("When illegal votes have been received or legal votes rejected at the polls sufficient to change the result") and Idaho Code section 34-2104(10) ("For any other cause or allegation which, if sustained, would show that a person other than the contestee was the person duly elected to the office in question").[3]

On July 16, 2018, the Secretary of State moved to intervene in the contest and to dismiss Hart's action. The district court received argument on the motions on July 30, 2018, and entered its order granting the motions[4] on August 16, 2018. Hart timely appealed.

## II. STANDARD OF REVIEW

---

[1] We observe that this adoption of this act appears to have superseded Idaho Code section 34-215.
[2] As will be discussed in Part III(A) of this opinion, we take judicial notice of these facts.
[3] Hart does not rely on Idaho Code section 34-2104(10) in this appeal.
[4] Hart opposed the Secretary of State's motion to intervene before the district court. The district court's decision to permit intervention is reviewed for abuse of discretion. *Farrell v. Bd. of Comm'rs, Lemhi Cnty.*, 138 Idaho 378, 384, 64 P.3d 304, 310 (2002). Apart from two conclusory assertions that the district court improperly granted the motion, Hart provides neither argument nor authority as to whether the district court abused its discretion by granting this motion. Therefore, we will not further address this aspect of the district court's decision. *PHH Mort. v. Nickerson*, ___ Idaho ___, ___, 423 P.3d 454, 459 (2018).

"In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007) (quoting *Lockheed Martin Corp. v. Idaho State Tax Comm'n,* 142 Idaho 790, 793, 134 P.3d 641, 644 (2006)). Disputed facts are resolved in favor of the non-moving party, but

> [w]hen an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts.

*Barnes v. Jackson*, 163 Idaho 194, 408 P.3d 1266, 1269 (2018) (quoting *Loomis v. City of Hailey*, 119 Idaho 434, 807 P.2d 1272, 1275 (1991)). When opposing a motion for summary judgment, the non-moving party "may not rest upon mere allegations . . . ." *Gem State Ins. Co.*, 145 Idaho at 13, 175 P.3d at 175.

### III. ANALYSIS

The district court determined that summary judgment dismissing Hart's claim under Idaho Code section 34-2104(7) was appropriate, reasoning:

> Hart has not provided any evidence to support his claim that any of the absentee voters who received the ballot with his name crossed off would have voted for him. Nor has he presented any evidence to show that but for the controversy about his name being on the ballot, he would have received more total votes than his opponent.

Hart contends that the district court dismissed the case prematurely "without taking any evidence whatsoever." We note that Hart did not ask the district court to defer ruling on the Secretary of State's motion to dismiss. Thus, we will first consider the propriety of the district court's consideration of the results of the election before addressing each of Hart's claims of error.

### A. The district court properly took judicial notice of the results of the election.

The Secretary of State asked the district court to take judicial notice of the results of the election. The district court did not explicitly rule on the motion in its written opinion, but its decision was based on Shepherd's margin of victory. The district court observed: "Considering the margin of Shepherd's election win, it is mere speculation that results would have been different." The district court's opinion concluded that Hart "has not shown that any irregularities in the voting process would have caused 945 votes to be cast in his favor." Although Hart has not challenged the district court's reliance on the election results, because this is the sole material

fact upon which the district court relied in granting the Secretary of State's motion, we will first consider whether the district court properly took judicial notice of the votes cast.

Idaho Rule of Evidence 201 governs judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." I.R.E. 201(b). We are persuaded that the approach taken by the Mississippi Supreme Court in an appeal from an election contest is correct. There, the court held that "[t]he fact that the general election . . . took place is both 'common knowledge in the jurisdiction of the trial court' and 'capable of accurate and ready determination.' " *Thompson v. Jones*, 17 So.3d 524, 528 (Miss. 2008) (quoting Miss. R. Evid. 201). "Furthermore, the fact that there was a general election and the results of that election can be accurately and readily determined by the certified election results located on the Secretary of State's website." *Id.* For the reasons articulated in *Thompson*, the district court properly took judicial notice of the results of the primary election. We likewise do so.[5]

### B. There was no genuine issue of material fact which precluded the district court from granting summary judgment.

The district court recognized that there was an unresolved question of fact as to whether Hart was qualified to be on the ballot. On appeal, Hart argues that the district court prematurely dismissed his claim based on the district court's determination that there was an unresolved question of material fact. In yet another reversal of its position as to Hart's eligibility, the Secretary of State responds that Hart was not eligible to have his name placed on the ballot.

The Supreme Court of the United States has stated: "As to materiality, the substantive law will identify which facts are material. *Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.* Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). Where the Idaho Rules of Civil Procedure mirror the federal rules, we have applied the interpretations of the federal courts to the Idaho rules. *Chacon v. Sperry Corp.*, 111 Idaho 270, 275, 723 P.2d 814, 819 (1986).

The question of Hart's eligibility for office is not a question of *material* fact precluding a grant of summary judgment. If the district court properly determined that there was no genuine

---

[5] https://sos.idaho.gov/ELECT/results/2018/Primary/legislative_totals.html (last accessed Sept. 6, 2018).

issue of material fact as to an element of Hart's claim upon which he bore the burden of proof, summary judgment was appropriate.

## C. Hart's claims of error are without merit.

On appeal, Hart argues that the district court erred by: (1) dismissing Hart's election contest without the opportunity to conduct discovery, (2) dismissing Hart's election contest before the presentation of evidence, and (3) denying Hart a timely hearing. Additionally, Hart asks this Court to issue "a broader decision in order to provide . . . guidance for subsequent cases" and declare whether "Hart or any other person similarly situated, absent the Election Contest Act, has any viable or effective recourse in the case where the Idaho Secretary of State 'decertifies' a candidate after the statutory filing deadline." We address each of these issues in turn.

### 1. Pre-discovery dismissal

Hart argues that the district court erred by dismissing the case before he had the opportunity to conduct discovery as allowed by Idaho Code section 34-2125. This section provides: "The court may order the production of such evidence as it deems necessary for the proper disposition of the primary contest pursuant to the Idaho rules of civil procedure." I.C. § 34-2125. The use of the word "may" in this statute vested the district court with discretion as to whether discovery would be permitted and the scope of such discovery. *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995) (This Court interprets "the meaning of the word 'may' appearing in legislation, as having the meaning or expressing the right to exercise discretion."). "We review the discretionary decisions of a trial court for abuse of discretion." *Matter of Doe (2017-16)*, 163 Idaho 565, 567, 416 P.3d 937, 939 (2018). Thus, in order to prevail on this claim of error, Hart must persuade us that the district court abused its discretion.

Although Hart articulated the correct standard in his statement of the standard of review, his argument on this first claim of error does not even mention the word "discretion," much less attempt to explain why the district court's decision fails to satisfy the four-part standard we apply when reviewing the district court's decision. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) ("When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices

5

available to it; and (4) reached its decision by the exercise of reason."). As we have repeatedly noted:

> when a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it[,] or that the district court did not reach its decision by an exercise of reason," such a conclusory argument is "fatally deficient" to the party's case.

*Estate of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 899, 422 P.3d 1101, 1105 (2018) (quoting *State v. Kralovec*, 161 Idaho 569, 575 n.2, 288 P.3d 583, 589 n.2 (2017)). Hart's failure to acknowledge this proper standard renders his argument on this claim fatally deficient.

### 2. Dismissal before the presentation of evidence

Idaho Code section 34-2104(7) requires the party contesting an election to demonstrate that illegal votes were counted "sufficient to change the result." This requirement has long been a part of the law governing election contests. "The party contesting the election must initially prove that the number of illegal votes cast could have changed the result." *Noble v. Ada Cnty. Elections Bd.*, 135 Idaho 495, 501, 20 P.3d 679, 685 (2000). Accepting, but most certainly not deciding, that the 101 absentee ballots that had Hart's name stricken and the 39 other ballots in which no vote was cast may properly be characterized as "illegal votes," the 140 additional votes would not have changed the outcome of the election.

In apparent recognition that the district court correctly focused on the margin of victory, Hart claims that "ALL votes cast in the May 15 primary were illegal votes" based upon media coverage of the Secretary of State's decision regarding his eligibility. Importantly, Hart has not identified any potentially admissible evidence to support his claim that this media coverage had any impact whatsoever on voters. He offered no results of polling or affidavits of voters as to the impact of the news. Instead, he relies entirely on speculation as to the potential impact of the media coverage.

Further, as was the case before the district court, Hart has provided us no legal authority from this or any other jurisdiction in support of his extraordinarily broad definition of "illegal votes." Distilled to its essence, Hart's position is that widespread dissemination of (arguably) false statements regarding his eligibility as a candidate rendered all votes cast in the election illegal. We are not persuaded that such a broad definition of "illegal" should be applied to election challenges. If we were to adopt the concept of illegality as proposed by Hart, every

6

instance of "fake news" leading up to an election would provide losing candidates with grounds for an election contest. Therefore, we hold that the district court properly rejected Hart's claim that all votes cast in the election were illegal.

### 3. Timely hearing

Hart claims that he was denied his right to a timely hearing because the district court prematurely dismissed the case and returned an untimely opinion according to Idaho Code section 34-2126.

Apart from asserting that he was "entitled to conduct discovery in a reasonable time with no deadline other than, ostensibly, December 29", Hart makes no attempt to explain why the district court's decision to entertain the Secretary of State's motion constituted an abuse of discretion.[6] "[W]e will not entertain an issue that is 'not supported by any cogent argument or authority.' *Bach v. Bagley,* 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Hart's argument on this issue is devoid of reasoned analysis or relevant authority." *Hart v. Idaho State Tax Comm'n*, 154 Idaho 621, 625, 301 P.3d 627, 631 (2012).

Hart points to Idaho Code section 34-2126, which required the district court to render a decision within ten days of the hearing. Although the district court held the hearing on the Secretary of State's motions on July 30, 2018, it did not release its decision until August 16, 2018. While this decision was rendered outside of the statutorily prescribed timeline, Hart has made no effort to demonstrate how this delay prejudiced a substantial right. *See* I.R.C.P. 61. As such, we will not address this argument further. *Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 179, 395 P.3d 393, 398 (2017).

### D. This Court will not attempt to identify "effective remedies" for those contesting primary election results.

Hart asks this Court to answer the following question: "Is there any other effective recourse legally available beyond an election contest?" Hart raises this issue without argument or citation to authority. "Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach*, 148 Idaho at 790,

---

[6] Hart argues that the district court should have allowed him to conduct discovery until December 29, 2018, based upon his reading of Idaho Code section 34-2110. This code section applies to general election challenges, not to Hart's primary challenge. Further, it is not difficult to foresee difficulties arising from resolution of challenges to primary elections after the corresponding general election.

229 P.3d at 1153. As such, we decline to address the question further, apart from observing that this Court does not issue advisory opinions, or offer legal advice to prospective litigants.

**E. We award the Secretary of State attorney's fees pursuant to Idaho Code section 34-2127.**

Idaho Code section 34-2127 provides that this Court "may award attorney's fees if it finds the appeal is frivolous and has no foundation in law or fact." I.C. § 34-2127(3). Although the irregularities in the election certainly justified Hart's initial challenge before the district court, he made no effort to present evidence to the district court in support of his claim that the irregularities warranted relief. Hart presented three issues on appeal. As to the first, he did not acknowledge, much less attempt to apply, the applicable standard of review. As to the second issue, he provided no legal authority to support his expansive definition of "illegal votes." His argument on the third issue was not supported by relevant authority. We therefore hold that this appeal is frivolous and award the Secretary of State attorney's fees pursuant to Idaho Code section 34-2127(3).

## IV. CONCLUSION

We affirm the judgment of the district court and award the Secretary of State costs and fees incurred in this appeal.